560 P.2d 868

The STATE of Idaho, Paintiff-Respondent,

v.

James WYMORE, Defendant-Appellant.

No. 12134.

Supreme Court of Idaho.

Feb. 25, 1977.

Klaus Wiebe, King, Wiebe & Morris, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Ryan P. Armbruster, Asst. City Atty., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of the offense of indecent exposure, a violation of a Boise City Ordinance. We reverse.

The entire evidence of the offense allegedly committed by defendant-appellant

Wymore was the testimony of the single eyewitness. She testified that on the date in question she had been shopping and was returning to her car in a parking lot when she observed Wymore seated in a pickup truck parked next to her car. As she passed, Wymore motioned to her to get into the truck and several times repeated a slang term for female genitalia. He also moved and gestured with his hand which she testified appeared as if he were masturbating. He was moaning and groaning and his tongue was hanging out of his mouth. She stated, however, that she did not see the sexual organs or private parts of Wymore. The court made the following inquiry:

"Would I be correct in interpreting your testimony to mean that to what you observed was some form of obscene gesture rather than an actual display of private parts?

"THE WITNESS: It was mostly just the obscene gestures and the words coming out of his mouth."

The pertinent portion of the charging complaint against Wymore stated that he "did willfully and unlawfully expose his person and the private parts thereof, * * in violation of 6–1–42 City Code." That ordinance provides:

"It shall be unlawful for any person, for the purpose of arousing or gratifying sexual desire for himself or any person to publicly expose his person or his genitals."

Following trial in the magistrate court, in which defendant was found guilty, appeal was taken to the district court which affirmed the conviction. Following trial in the magistrate court, the judge thereof stated:

"Clearly there are better—there are code sections which encompass this type of offense more than indecent exposure, but I have to make a finding that there was no actual display of private parts, private organs thereof. I feel that this offense should have been brought under Count II, disorderly conduct, obscene gestures, obscene conduct. However, I have re-viewed that statute in question, the ordinance, and if the ordinance just related to the lewd exposure of private parts I would be constrained to find the defendant not guilty. However, the ordinance speaks in terms of exposing person or private parts, and on the basis of that I am going to find the defendant James Wymore guilty of the lewd, indecent exposure of his person rather than his private parts. I cannot make that finding because there was not actual exposure of private parts thereof."

Defendant's conduct was lewd, offensive and may well have fallen within the provisions of another ordinance charging that he conducted himself in a lewd and lascivious manner. Wymore was actually charged under Count II of the complaint with lewd and lascivious behavior at another time and place but that charge was dismissed at trial.

 We hold that the lower courts erred in concluding that Wymore's conduct fell within the proscription of the indecent exposure statute in being guilty of indecent exposure of his "person". To hold otherwise would require interpretation of the term "person" as contrasted with the terms "private parts" or "genitals". Such attempted interpretation might well render the ordinance hopelessly vague and thus pose questions of its constitutionality. Doubts concerning interpretation of statutes are to be resolved in favor of that which will render them constitutional. *State v. Jennings*, 95 Idaho 724, 518 P.2d 1186 (1974); *Leonardson v. Moon*, 92 Idaho 796, 451 P.2d 542 (1969); *State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (1972).

Such might well require this Court to determine if tight-fitting sweaters, trousers or beach attire or the engaging in certain types of dance movement might constitute "indecent exposure" because it constituted the exposure of "the person" for the purpose of arousing or gratifying sexual desire. As noted by the district court,

"Of course, there are people of both sexes possessing by nature that magnetism loosely referred to as sex appeal who can arouse sexual desires by merely standing

still or by walking down the street in a normal manner. No statute which would cause a person to be arrested for that could possibly stand."

Those comments by both the lower courts well illustrate the morass into which this Court should not, at this time at least, venture. We hold therefore that offense against the ordinance in question here was not proven by the evidence.

The judgment of conviction is reversed.