**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 39359**

| | | |
|---|---|---|
| ADA COUNTY PROSECUTING ATTORNEY, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Respondent-Appellant, | ) | |
| | ) | |
| v. | ) | **Boise, February 2013 Term** |
| | ) | |
| 2007 LEGENDARY MOTORCYCLE, VIN 4B7H8469X35007098; APPROXIMATELY THIRTEEN (13) GRAMS METHAMPHETAMINE; ONE(1) MOTOROLA VGA CELL PHONE; ONE (1) BLACK VEST; and ONE (1) BLACK JACKET, | ) ) ) ) ) ) ) ) | **2013 Opinion No. 33** **Filed: March 26, 2013** **Stephen W. Kenyon, Clerk** |
| | ) | |
| Defendants-Appellants-Respondents. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge.

District court decision on civil forfeiture, <u>affirmed.</u>

Ada County Prosecuting Attorney, Boise, for appellant.

Sallaz & Gatewood, Chtd., Boise, for respondents.

---

BURDICK, Chief Justice

This case arises from an Ada County district court's review on appeal of a magistrate court's decision regarding the civil forfeiture of a motorcycle and other items that belong to Christopher Rubey (Rubey). On April 22, 2009, Rubey was arrested and charged with possession of methamphetamine with intent to deliver. Subsequently, the Ada County Prosecutor's Office (State) brought this action under I.C. § 37-2744 for civil forfeiture of the motorcycle and related items used in the alleged crime. The magistrate court granted summary judgment to the State, and the district court reversed and remanded that decision. The State now appeals to this Court, arguing that the district court erred in its decision and that the legislative

intent behind I.C. § 37-2744(a)(4) supports civil forfeiture for either the transportation or trafficking of drugs. We affirm the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2009, Boise Police observed Christopher Rubey leave his home driving a 2007 Legend Motorcycle (Motorcycle) and observed a blue Chevy truck follow the Motorcycle. Police then observed the Motorcycle engage in what they described as driving maneuvers intended to evade police surveillance. The police eventually stopped the Chevy truck and placed the driver—the primary subject of the surveillance and for whom a federal warrant was outstanding—under arrest. Rubey then rode the Motorcycle to the scene and made contact with the police. During a consensual search, a police pat down revealed thirteen grams of methamphetamine inside Rubey's coat jacket. Rubey was arrested and charged with possession of methamphetamine with intent to deliver.

On May 20, 2009, the County filed its Complaint In Rem For Forfeiture Under Idaho Code § 37-2744 (Forfeiture Complaint) in magistrate court. The Forfeiture Complaint alleged that a Motorcycle, methamphetamine, cell phone, black vest, and black jacket were lawfully seized and subject to forfeiture. In response, Rubey asserted an affirmative defense that the Motorcycle was not used in any manner described in I.C. § 37-2744 and is not properly subject to forfeiture. The parties agreed to stay the forfeiture case pending the resolution of the criminal case, and Rubey eventually pled guilty to the lesser charge of possession of methamphetamine in violation of I.C. § 37-2732(c). On January 4, 2010, the State filed a motion for summary judgment and an accompanying memorandum.

The magistrate court held a motion hearing on February 1, 2010, and on February 25, 2010, issued an order granting the State's motion for summary judgment. In granting summary judgment, the magistrate court found that there were no genuine issues of material fact and that the Motorcycle is forfeited to the State because it is a conveyance used to transport controlled substances in violation of I.C. § 37-2744. The magistrate court issued a final judgment, and Rubey appealed to the district court.

After receiving briefs from both parties, the district court heard oral argument on the appeal on November 4, 2010. In an October 13, 2011 Memorandum Decision and Order, the district court reversed the magistrate court's order. In its decision, the district court concluded that I.C. § 37-2744(a)(4) was not ambiguous and that the language "for the purpose of

2

distribution or receipt" of a controlled substance applied to the actions described in the statute. The State timely filed a notice of appeal with this Court on November 8, 2011.

## II. ISSUE ON APPEAL

1. Whether the district court erred in reversing the Magistrate Court's decision that Idaho Code § 37-2744(a)(4) allows conveyances to be forfeited when used to transport controlled substances.

## III. STANDARD OF REVIEW

When the district court renders an opinion in its intermediate appellate capacity, the Supreme Court "directly reviews the district court's opinion." *Hausladen v. Knoche*, 149 Idaho 449, 452, 235 P.3d 399, 402, (2010). "The interpretation of a statute is a question of law over which this Court exercises free review." *Carrier v. Lake Pend Oreille Sch. Dist.*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). "The interpretation of a statute 'must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.'" *Verska v. Saint Alphonsus Reg'l Med. Ctr.,* 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "A statute is ambiguous where the language is capable of more than one reasonable construction." *Porter v. Bd. of Trustees, Preston School Dist. No. 201,* 141 Idaho 11, 14, 105 P.3d 671, 674 (2004).

## IV. ANALYSIS

In the sole issue on appeal, the State argues that the district court erred in reversing the magistrate court's decision that Idaho Code § 37-2744(a)(4) allows conveyances to be forfeited when used to transport controlled substances. First, the State argues that I.C. § 37-2744(a)(4) is ambiguous and an interpretation of the statute requires an analysis of legislative history to determine legislative intent. Second, the State argues that previous decisions from this Court have supported civil forfeiture of conveyances that are used to transport methamphetamine. In response, Rubey argues that the statute is not ambiguous, the legislative history is not relevant, and federal case law is not applicable to an interpretation of I.C. § 37-2744(a)(4).

Idaho Code section 37-2744(a)(4) states in pertinent part:

(a) The following are subject to forfeiture:

. . .

3

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purpose of distribution or receipt of [controlled substances].

The statute was interpreted differently by the magistrate and district courts. In its order, the magistrate court found that:

> After due consideration and in applying the plain language of the statute and looking to federal law as for guidance, this Court concluded that as a matter of law the Plaintiff is required to prove that the vehicle was used or intended to be used to transport or to facilitate any of the listed actions with regard to a controlled substance.

Going further, the magistrate court addressed the applicability of the statute's qualifying clause:

> This Court applies the plain language of the statute and will not require the Plaintiff, in a civil forfeiture case, prove the criminal elements of distribution of methamphetamine or receipt of methamphetamine.
>
> Requiring the State to prove distribution or receipt of methamphetamine in the civil forfeiture case is not in this Court's opinion, what the Idaho Legislature intended, nor is such a conclusion consistent with federal precedent which this Court found instructive.

In contrast, the district court held that "[t]he interpretation adopted by the magistrate reads 'for the purpose of delivery or receipt' out of the statute completely," and that "it must be assumed that the legislature meant something by those words." On the issue of elements that must be proven, the district court held that the State would "have to prove the purpose of delivery or receipt by a preponderance of the evidence."

On appeal, the State argues that the first clause of the statute, which ends with the phrase, "to transport," would not be modified by the, "for the purpose of distribution or receipt" language. Rubey argues that the district court interpreted the statute correctly, and that the "for the purposes of distribution or receipt" language modifies the entire subsection.

As a starting point, differing opinions from two courts would not necessarily make the statute ambiguous.

> [A]mbiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous. . . . [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it.

4

*Matter of Permit No. 36-7200 in Name of Idaho Dept. of Parks & Recreation*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992) (*abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)).

To analyze the meaning of the statute "we must look to the grammatical construction of the statute as the legislature intended the statute to be construed according to generally accepted principles of English grammar." *State v. Collinsworth*, 96 Idaho 910, 914, 539 P.2d 263, 267 (1975). Generally, "[u]nder the rule of the last antecedent clause, a referential or qualifying clause refers solely to the last antecedent, absent a showing of contrary intent." *BHC Intermountain Hosp., Inc. v. Ada Cnty.*, 150 Idaho 93, 96, 244 P.3d 237, 240 (2010). However, "[w]hen punctuation discloses a proper legislative intent or conveys a clear meaning the courts should give weight to it as evidence." 2A Sutherland Statutory Construction § 47:15 (5th ed. 1992). "Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." *Id*., § 47.32.

Here, the qualifying clause "for the purpose of distribution or receipt" is separated from its immediate antecedent, "concealment," by a comma. This separation is intended to apply the qualifying clause to all antecedents.[1] In addition, the coordinating conjunction "or" that follows the clause "to transport" syntactically equates that clause with "in any manner to facilitate the transportation, delivery, receipt, possession or concealment."[2] This conclusion is bolstered by the absence of any distinct modifier for "to transport" that would imply the rule of *reddendo singular singulis*, translated as referring each to each. *See* 2A Sutherland Statutory Construction § 47:26 (5th ed. 1992). ("Where a sentence contains several antecedents and several consequents they are to be read distributively.").

The district court correctly found that the statute is not ambiguous. Given the plain meaning of the words and the tenets of grammar it would be unreasonable to apply the qualifying clause "for the purpose of distribution or receipt" to every antecedent after "to facilitate" while

---

[1] By contrast, there is no comma between the phrase "to facilitate" and the enumerations "the transportation, delivery, receipt, possession or concealment." Here, the last antecedent rule would necessarily require the reader to ascribe those enumerated acts to the last antecedent "facilitate" and not to the preceding phrase "to transport."

[2] *See* Tenielle Fordyce-Ruff, *Creating Separation and Emphasis in Your Writing Part I: Joining Independent Clauses*, The Advocate, Vol. 54, No. 2, p. 45 (2011) (Used in this context, the comma "distributes the emphasis between the ideas equally, creating very little separation between them. Neither the first nor the second clause is emphasized. Instead, the comma lets the reader know that the idea before and the idea after the comma are equally important.").

not applying it to the clause "to transport." What we are left with, in this context, can be extracted from the statute as bolded:

(a) The following are subject to forfeiture:

. . .

(4) **All conveyances**, including aircraft, vehicles, or vessels, **which are used**, or intended for use, **to transport**, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, **for the purpose of distribution or receipt of [controlled substances]**.

I.C. § 37-2744(a)(4) (emphasis added). Put another way, the qualifying phrase "for the purpose of distribution or receipt" in I.C. § 27-2744(a)(4) modifies the antecedents "to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment."

Since there is only one reasonable interpretation, the statute is unambiguous and there is no need to address legislative history or other extrinsic evidence. "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Verska*, 151 Idaho at 893, 265 P.3d at 506 (quoting *City of Sun Valley v. Sun Valley Co.,* 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)).

In its decision, the district court properly concluded that the statute is unambiguous and that the qualifying phrase "for the purpose of distribution or receipt" applied to the action described in the statute. Therefore, we affirm the decision of the district court.

## V. CONCLUSION

We find that the district court did not err when it reversed the decision of the magistrate court.

Justices EISMANN, J. JONES, and W. JONES, and Justice Pro Tem KIDWELL CONCUR.

6