IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40642

| | | |
|---|---|---|
| BONNER COUNTY, IDAHO, | ) | |
| | ) | 2014 Opinion No. 33 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: April 24, 2014 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| MICHAEL T. CUNNINGHAM, JR., | ) | |
| | ) | |
| Real Party in Interest-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NINE THOUSAND FIFTY DOLLARS U.S. | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge; Hon. Barbara A. Buchanan, Magistrate.

Decision of the district court on intermediate appeal affirming magistrate court order denying award of attorney fees, <u>reversed</u>.

Valerie P. Thornton, Sandpoint, for appellant.

Louis E. Marshall, III, Bonner County Prosecuting Attorney, Sandpoint, for respondent.

_____

LANSING, Judge

Michael T. Cunningham, Jr. appeals from the district court's decision on intermediate appeal affirming the magistrate's denial of Cunningham's motion for an award of attorney fees pursuant to Idaho Code § 12-117. At issue is whether respondent Bonner County acted under a reasonable interpretation of an ambiguous statute, thus precluding an award under the statute. We reverse the district court's decision and remand for further proceedings in the magistrate court.

1

# I.

## BACKGROUND

On March 30, 2011, Cunningham's home was searched pursuant to a search warrant. Police found small amounts of marijuana and drug paraphernalia. The police seized these items along with a lock box that contained $9,050 in cash.

On May 3, 2011, respondent Bonner County filed a complaint seeking civil forfeiture of the cash pursuant to the provisions of Idaho Code § 37-2744. Cunningham filed a motion to dismiss on the ground that Bonner County did not file its complaint within thirty days of the seizure of the cash as required, he contended, by I.C. § 37-2744(c)(3). The magistrate court granted Cunningham's motion and dismissed the case.

Cunningham then filed a motion for an award of attorney fees under I.C. § 12-117, arguing that the County had acted without a reasonable basis in law by filing the complaint late and by opposing his motion to dismiss. Bonner County resisted Cunningham's request for attorney fees, asserting that its defense of his motion to dismiss was not frivolous because the County raised viable, if ultimately unsuccessful, issues of statutory interpretation. The magistrate court concluded that the County's conduct was not unreasonable and denied Cunningham's motion for attorney fees. Cunningham appealed the denial of attorney fees to the district court, which affirmed the magistrate court's decision. This appeal followed. The sole issue is whether Cunningham is entitled to an award of attorney fees for the proceedings in the magistrate court and on this appeal.

# II.

## STANDARDS OF REVIEW

When the district court renders an opinion in its intermediate appellate capacity, we directly review the district court's opinion. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013); *Hausladen v. Knoche*, 149 Idaho 449, 452, 235 P.3d 399, 402, (2010).[1] The

---

[1] Cunningham recognizes that we are reviewing the district court's decision directly, but he complains that this is difficult because the district court did not independently review whether the County's statutory interpretations were reasonable. He has a point. Rather than doing an independent analysis of the reasonableness of the County's statutory interpretation, the district court simply stated that "given the analysis made by the lower court, and the absence of a finding that the County acted without a reasonable basis, this Court is unable to find the magistrate court abused its discretion." The absence of analysis by the district court is not of consequence for our

interpretation of a statute is a question of law over which this Court exercises free review. *Ada Cnty. Prosecuting Attorney v. 2007 Legendary Motorcycle*, 154 Idaho 351, 353, 298 P.3d 245, 247 (2013); *Carrier v. Lake Pend Oreille Sch. Dist.*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). A trial court's determination whether to award fees under Section 12-117 is reviewed for an abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012); *Halvorson v. N. Latah Cnty. Highway Dist.*, 151 Idaho 196, 208, 254 P.3d 497, 509 (2011).

## III.

## ANALYSIS

The question presented is whether, after having dismissed the County's complaint as time-barred by I.C. § 37-2744(c)(3), the magistrate court was obligated to also award attorney fees to Cunningham pursuant to Idaho Code § 12-117(1) because the County's late filing of its complaint and its opposition to Cunningham's motion to dismiss the untimely action were unreasonable. Section 12-117(1) specifies that in a civil action involving a political subdivision, the prevailing party must be awarded reasonable attorney fees if the court finds that the nonprevailing party acted "without a reasonable basis in fact or law." For purposes of this statute, a county is a "political subdivision." I.C. § 12-117(4)(b) (2010). A determination that a party acted under a reasonable interpretation of an ambiguous statute would preclude an award under the statute, even if that interpretation is ultimately determined to be erroneous. *Randel*, 152 Idaho at 909-10, 277 P.3d at 356-57; *In re Russet Valley Produce, Inc.*, 127 Idaho 654, 661, 904 P.2d 566, 573 (1995); *Cox v. Dep't of Ins.*, 121 Idaho 143, 148, 823 P.2d 177, 182 (Ct. App. 1991). However, because I.C. § 12-117 provides that the court *shall* award fees, a fee award is required if a party acts without a reasonable factual or legal basis. *Randel*, 152 Idaho at 909, 277 P.3d at 356; *Idaho Dep't of Law Enforcement v. Kluss*, 125 Idaho 682, 685, 873 P.2d 1336, 1339 (1994).

The statute whose interpretation is at issue is I.C. § 37-2744(c), which provides:

(c) *In the event of seizure pursuant to subsection (b) of this section, proceedings under subsection (d) of this section shall be instituted promptly.*
(1) When property is seized under this section, the director or the peace officer who seized the property may:

review, however, as this Court's standard of review on appeal requires independent review of the issues of law, namely statutory interpretation.

(A) Place the property under seal;

(B) Remove the property to a place designated by it; or

(C) Take custody of the property and remove it to an appropriate location for disposition in accordance with law.

(2) The peace officer who seized the property shall within five (5) days notify the director of such seizure.

(3) *In the event of seizure pursuant to subsection (b) of this section, proceedings under subsection (d) of this section shall be instituted within thirty (30) days by the director or appropriate prosecuting attorney.*[2]

(emphasis added).

Here, the cash was seized from Cunningham's home on March 30, 2011, and the County's complaint seeking civil forfeiture of that cash was filed on May 3, 2011, thirty-four days later. Thus, the question presented is whether Bonner County advanced an interpretation of I.C. § 37-2744(c) by which it could reasonably assert that its filing of the forfeiture complaint four days beyond the thirty-day limit specified in I.C. § 37-2744(c)(3), and its resistance to Cunningham's dismissal motion, were reasonable. The County posits two ambiguities in the statute which, it contends, justify its action.

## A. "Promptly"

Bonner County first asserts that the statute is ambiguous concerning the time limit for filing a complaint. The County points out that although I.C. § 37-2744(c)(3) requires that a complaint be filed within thirty days of the seizure, the opening sentence of I.C. § 37-2744(c) requires only that the complaint be filed "promptly." According to the County, it was reasonable to conclude that the statute would be satisfied if the complaint was filed "promptly," even if not within thirty days of the seizure. Thus, the County argues that because the statute can be reasonably interpreted to allow commencement of a forfeiture action more than thirty days after the seizure of the property, its conduct did not warrant an award of attorney fees even though that interpretation was ultimately rejected by the court. Bonner County advanced this argument in its opposition to Cunningham's motion to dismiss, but the magistrate court concluded that the plain meaning of the statutory language was that the thirty-day requirement was "absolute."

The interpretation of a statute begins with its literal words. Those words must be given their plain, obvious, and rational meaning. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214,

---

[2] The "promptly" provision was included when the statute was adopted. 1971 Idaho Sess. Laws, ch. 215 at 965. A 1972 amendment added subsections (c)(1)(A-C), (c)(2) and (c)(3), including the thirty-day requirement. 1972 Idaho Sess. Laws, ch. 133 at 278.

4

219 (1999). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011); *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003), *abrogated on other grounds by Verska*, 151 Idaho 889, 265 P.3d 502. A statute is ambiguous where the language is capable of more than one *reasonable* construction. *Porter v. Bd. of Trustees, Preston School Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004). Ambiguity is not established merely because different interpretations are presented by the parties. If that were the test then all statutes whose meanings are contested in litigation could be considered ambiguous. "[A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it." *2007 Legendary Motorcycle*, 154 Idaho at 354, 298 P.3d at 248; *see also In re Permit No. 36-7200 in Name of Idaho Dep't of Parks & Recreation*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992), *abrogated on other grounds by Verska*, 151 Idaho 889, 265 P.3d 502.

If the statute is ambiguous, then it must be construed in accord with legislative intent. *City of Sandpoint Indep. Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003). Legislative intent is determined by examining "the literal words of the statute . . . the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.*; *see also American Bank v. Wadsworth Golf Const. Co. of the Southwest*, 155 Idaho 186, 192, 307 P.3d 1212, 1218 (2013). Statutory provisions that are *in pari materia*, i.e., relating to the same subject, should be construed harmoniously, if possible, so as to further the legislative intent. *State v. Gamino*, 148 Idaho 827, 828-29, 230 P.3d 437, 438-39 (Ct. App. 2010); *State v. Callaghan*, 143 Idaho 856, 858, 153 P.3d 1202, 1204 (Ct. App. 2006); *State v. Maland*, 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct. App. 1993). Thus, we must reconcile apparent inconsistencies between statutes if it is possible to do so. *State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980); *Christensen v. West*, 92 Idaho 87, 88, 437 P.2d 359, 360 (1968); *Sampson v. Layton*, 86 Idaho 453, 457, 387 P.2d 883, 885 (1963). It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity, and effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant. *State v. Mercer*, 143 Idaho 108, 109, 138 P.3d 308, 309 (2006). Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Bradshaw*, 155 Idaho 437, 439-40, 313 P.3d 765, 767-68 (Ct. App. 2013).

5

We conclude that the County's proffered interpretation of I.C. § 37-2744(c) is not reasonable because it would render the express thirty-day time limit in the statute a nullity, depriving that provision of any effect whatsoever. Such an interpretation violates the fundamental principle of statutory construction requiring an interpretation that gives effect to all the words of the statute and does not render any part of the statute a nullity. *Mercer*, 143 Idaho at 109, 138 P.3d at 309; *Hecla Mining Co. v. Idaho State Tax Comm'n*, 108 Idaho 147, 151, 697 P.2d 1161, 1165 (1985); *Magnuson v. Idaho State Tax Commission*, 97 Idaho 917, 920, 556 P.2d 1197, 1200 (1976); *In re Winton Lumber Co.*, 57 Idaho 131, 136, 63 P.2d 664, 666 (1936); *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001); *State v. Nelson*, 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct. App. 1991). Here, there is no irreconcilable conflict in the statutory provisions; the two provisions are easily harmonized when read together. The first sentence of subsection (c) directs that forfeiture complaints be filed "promptly," and subsection (c)(3) defines the outer limit of promptness as thirty days. The County's interpretation of the statute is infeasible and unreasonable and cannot insulate it from liability for attorney fees under I.C. § 12-117.

## B. "Mandatory" or "Directory"

The County's second argument involves a statutory interpretation adopted by the Idaho Supreme Court in *State, Dep't of Law Enforcement v. One 1955 Willys Jeep, V.I.N. 573481691*, 100 Idaho 150, 595 P.2d 299 (1979), *abrogated on other grounds by Verska*, 151 Idaho 889, 265 P.3d 502. In that case, the Court held that the word "shall," as used in a different subsection of I.C. § 37-2744, did not create a mandatory requirement but rather was "directory." At issue was the interpretation of I.C. § 37-2744(d)(3)(D), which provided: "If a verified answer is filed, the forfeiture proceeding shall be set for hearing on a day not less than thirty (30) days therefrom; and the proceeding *shall* have priority over other civil cases." (Emphasis added.) The defendant moved for summary judgment on the ground that the forfeiture case against him had not been given priority over other civil cases. The magistrate court denied the motion. On appeal, the Supreme Court held that the statutory statement that "the proceeding shall have priority over other civil cases" was not mandatory, so the trial court's noncompliance, if that occurred, would not require the remedy sought by the appellant, dismissal of the case. The Supreme Court reasoned:

> Generally, procedural statutes are construed liberally to promote a disposition of the case on the merits. *Northwest Health Care, Inc. v. Idaho Dep't*

*of Health & Welfare*, 99 Idaho 843, 590 P.2d 99 (1979); *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978). Where the prescribed procedure is not the essence of the thing to be accomplished the statute is generally considered directory and not mandatory. *State ex rel. Arcudi v. Iassogna*, 165 Conn. 203, 332 A.2d 90 (1973); *State ex rel. Raitt v. Peterson*, 156 Neb. 678, 57 N.W.2d 280 (1953); *see generally* 3 C. Sands, Sutherland Statutory Construction s 67.02 (4th ed. 1974). Moreover, in Idaho it is well established that "whether a statute is mandatory or directory (is) to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other." *Summers v. Dooley*, 94 Idaho 87, 89, 481 P.2d 318, 320 (1971). *See Craig H. Hisaw, Inc. v. Bishop*, 95 Idaho 145, 504 P.2d 818 (1972). Here, the legislature was prescribing the circumstances in which a vehicle may be seized and forfeited and was setting forth an orderly and expeditious method for initiating and conducting such forfeiture proceedings. In this context we conclude that the provision that a forfeiture proceeding be given priority over other civil cases was intended to be directory and not mandatory. A contrary conclusion would be disruptive to an orderly administration of justice and would impair the flexibility the trial courts must have in setting cases for trial. In the absence of a showing of substantial prejudice the complaint should not be dismissed merely because it was not given priority over other civil cases, if in fact such priority was not given.

*Willys Jeep*, 100 Idaho at 154, 595 P.2d at 303. Thus, our Supreme Court held that the statute's statement that "the proceeding shall have priority over other civil cases" was intended to be "directory and not mandatory."

Relying upon this *Willys Jeep* statutory analysis, the magistrate court concluded that Bonner County had presented a reasonable argument that the I.C. § 37-2744(c)(3) thirty-day limit for filing forfeiture actions could be interpreted to be directory and not mandatory and, therefore, an award of section 12-117 fees against the County was not warranted.[3] The district court affirmed.

We are constrained to disagree with the lower courts. Although in *Willys Jeep* the Supreme Court was addressing the same section of the Idaho Code, it was interpreting the word "shall" as used in an entirely different context, in a different subsection in which the legislative language purported to dictate how courts could schedule cases and administer their caseload, a

---

[3] The County neither claimed nor made a factual showing before the trial court that it actually relied on this interpretation of the statute in deciding to file the complaint more than thirty days after the seizure. Indeed, the County did not even assert the "directory" interpretation until responding to Cunningham's request for attorney fees. Even then, the County did not rely upon any Idaho authorities but upon case law from other jurisdictions. It was apparently the magistrate court's research that yielded the Idaho Supreme Court's decision in *Willys Jeep*.

subject that is uniquely within the purview of the courts. *See In re SRBA Case No. 39576*, 128 Idaho 246, 255, 912 P.2d 614, 623 (1995); *State v. Maxey*, 125 Idaho 505, 508, 873 P.2d 150, 153 (1994), *overruled on other grounds by State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004); *State v. Currington*, 108 Idaho 539, 541, 700 P.2d 942, 944 (1985); *R.E.W. Const. Co. v. Dist. Court of the Third Judicial District*, 88 Idaho 426, 437-38, 400 P.2d 390, 397 (1965). Nothing in the *Willys Jeep* opinion suggests that the word "shall" should be viewed as less than mandatory in any other context within the statutory scheme for forfeiture actions.

In particular, *Willys Jeep* does not suggest that a statute of limitation like the thirty-day limitation of I.C. § 37-2744(c)(3) can be viewed as "directory" and therefore optional. Such an interpretation of a statute of limitation would be absurd. A statute of limitation is, by its very nature, a definitive time limit for filing a complaint to initiate a particular type of action. Statutes of limitation "are designed to promote stability and avoid uncertainty with regards to future litigation." *Wadsworth v. Dep't of Transp.*, 128 Idaho 439, 442, 915 P.2d 1, 4 (1996). Here, the legislature imposed a comparatively short statute of limitation with the apparent purpose of assuring a rapid disposition of public agency claims to property that has already been removed from the owner's possession. Like its contention that the word "promptly" trumps the thirty-day limit, the County's argument that the thirty-day limit is merely "directory" violates cardinal principles of statutory construction--it both annuls the thirty-day limit and calls for an absurd result, an *optional* statute of limitation.

We also observe that the *Willys Jeep* interpretation of "shall" as less than mandatory appears not to be consistent with more recent Idaho Supreme Court decisions. Although there exist older Idaho Supreme Court cases employing the "mandatory/directory" distinction, *Summers v. Dooley*, 94 Idaho 87, 89, 481 P.2d 318, 320 (1971); *Overland Co. v. Utter*, 44 Idaho 385, 394, 257 P. 480, 483 (1927), in *Idaho Comstock Min. & Mill. Co. v. Lundstrum*, 9 Idaho 257, 270, 74 P. 975, 978 (1903), we have found no Idaho Supreme Court decision issued in the three and one-half decades since *Willys Jeep* that employs such a directory/mandatory statutory analysis. In all cases since *Willys Jeep*, the Supreme Court has consistently held that the use of the term "shall" or "must" in a statute is mandatory, *Twin Falls Cnty. v. Idaho Comm'n on Redistricting*, 152 Idaho 346, 349, 271 P.3d 1202, 1205 (2012); *Paolini v. Albertson's Inc.*, 143 Idaho 547, 549, 149 P.3d 822, 824 (2006); *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995); *Ashley Glass Co., Inc. v. Bithell*, 123 Idaho 544, 546, 850 P.2d 193, 195 (1993). These

8

more recent decisions comport with the well-established standard that "[w]here the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction." *Stonebrook Const., LLC v. Chase Home Finance, LLC*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008)). *See also Verska*, 151 Idaho at 893, 265 P.3d at 506; *Schwartz*, 139 Idaho at 362, 79 P.3d at 721.

For the foregoing reasons, we hold that the County's reliance on the mandatory/directory analysis employed in *Willys Jeep* is not reasonable and therefore does not enable the County to avoid liability for an award of attorney fees as mandated by I.C. § 12-117. The Idaho Supreme Court has specifically upheld an award of attorney fees under I.C. § 12-117(1) against a law enforcement agency that filed a real estate forfeiture action after expiration of the ninety-day limitation period for such action under I.C. 37-2744A(c). *Kluss*, 125 Idaho at 685, 873 P.2d at 1339; *see also In re Estate of Kaminsky*, 141 Idaho 436, 439, 111 P.3d 121, 124 (2005) (awarding attorney fees pursuant to I.C. § 12-117 against state agency that filed untimely claim against decedent's estate). Because Bonner County filed a plainly untimely complaint and unreasonably resisted Cunningham's motion to dismiss the action, an award of fees under the statute is required.

## C.    Attorney Fees on Appeal

Cunningham also requests attorney fees under I.C. § 12-117 for this appeal. For the same reasons that we have found the County's actions in the lower courts were without reasonable basis in the law, we also conclude that Cunningham is entitled to attorney fees on appeal. *Kluss*, 125 Idaho at 685-86, 873 P.2d at 1339-40.

## IV.

## CONCLUSION

The district court's decision on intermediate appeal is reversed and the case is remanded for further proceedings consistent with this opinion. Costs and attorney fees on appeal to appellant.

Judge GRATTON and Judge MELANSON **CONCUR.**