IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52047

| | |
|---|---|
| In the Interest of:  John Doe (2024-37) Juvenile Under Eighteen (18) Years of Age. ) ) | |
| STATE OF IDAHO, ) ) | **Opinion Filed:  April 29, 2026** |
| Petitioner-Respondent, ) ) | **Melanie Gagnepain, Clerk** |
| v. ) ) ) | |
| JOHN DOE (2024-37), ) ) | |
| Juvenile-Appellant. ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Theresa L. Gardunia, Magistrate.

Opinion of the district court, on intermediate appeal, affirming the magistrate court's decision and order, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the district court's opinion, on intermediate appeal, affirming the magistrate court's decision and order finding Doe fell within the purview of the Juvenile Corrections Act (JCA) and that he committed the offense of indecent exposure, in violation of Idaho Code § 18-4116.[1]  Doe argues the magistrate court erred in finding Doe committed the offense of indecent exposure because there was no evidence that another person observed his exposed genitals, which is required under the plain language of the statute.  Alternatively, Doe argues there was insufficient evidence that his genitals were exposed.  The State argues the plain

---

[1]     Idaho Code § 18-4116 was amended in 2025.  The 2025 amendments are not relevant to this appeal.

language of the statute does not require another person to observe the exposed genitals and there was sufficient evidence to establish Doe exposed his genitals. We hold the plain language of I.C. § 18-4116 does not require another person to observe the exposed genitals. Additionally, there was sufficient evidence supporting the magistrate court's findings that Doe exposed his genitals in a public place where another person was present and that person was offended, and Doe's conduct fell within the purview of the JCA. The district court's opinion, on intermediate appeal, affirming the magistrate court is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, a woman was watching a movie with her family in their home. The woman looked out her window and saw somebody riding a bicycle down the public street in front of her house. The bicyclist, later identified as Doe, was wearing a red shirt and black shorts. The woman observed that Doe's shorts were pulled down to his knees, exposing his thigh, and the woman saw skin between the bottom of Doe's shirt and the top of his shorts. The woman also observed Doe making an "up-and-down motion" with his hand near his leg area, which indicated to the woman that Doe was masturbating while riding his bicycle. The woman then told her fiancé.

The fiancé went outside and followed Doe. The fiancé observed Doe pull up his shorts while continuing to ride his bicycle and then hide behind a bush in the yard of a nearby house. The fiancé approached Doe and asked him what he was doing. Doe responded, "nothing." The fiancé pressed Doe further by telling Doe what the woman saw. Doe then responded, "I didn't think there was anybody outside. Nobody's seen me before." When the fiancé asked what Doe meant by his statements, Doe said, "I've never been caught." The fiancé reported the incident to law enforcement.

Shortly thereafter, a law enforcement officer arrived at Doe's house and questioned Doe about the earlier incident. Doe told the officer his shorts had been caught in his bike chain, and he was struggling to remove them from the chain.

The State filed a petition pursuant to the JCA charging Doe with indecent exposure in violation of I.C. § 18-4116. At the evidentiary hearing, Doe argued there was insufficient evidence to prove beyond a reasonable doubt that he committed the offense of indecent exposure. The magistrate court found Doe exposed himself in a public place and a person observed the event and was offended. The magistrate court concluded the State presented sufficient evidence that Doe

committed the offense of indecent exposure and Doe fell within the purview of the JCA. Doe appealed to the district court. Sitting in its intermediate appellate capacity, the district court affirmed the magistrate court's decision and order that Doe's conduct fell within the purview of the JCA. Doe appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Doe argues the district court, sitting in its appellate capacity, erred in affirming the magistrate court's decision and order finding Doe fell within the purview of the JCA for indecent exposure. More specifically, Doe argues that under the plain language of the statute, I.C. § 18-4116, another person must observe the exposed genitals and there was no evidence anyone saw Doe's genitals. Alternatively, if observation of genitals is not required, Doe argues the evidence was insufficient to support the magistrate court's finding that Doe committed the offense of indecent exposure because there was no evidence that Doe's genitals were exposed. The State argues the plain language of I.C. § 18-4116 does not require another person to observe the exposed genitals and substantial evidence supports the finding that Doe committed the offense of indecent exposure.

### A.    Statutory Interpretation

At the time of the charged conduct in this case, I.C. § 18-4116 provided, in pertinent part, "Every person who willfully and lewdly . . . [e]xposes his or her genitals, in any public place, or in any place where there is present another person or persons who are offended or annoyed thereby." Indecent Exposure, ch. 182, sec. 2, § 18-4116(1), 2018 Idaho Sess. Laws 397.

Statutory interpretation begins with the statute's plain language. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. *Id.* When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction. *Id.* at 361-62, 313 P.3d at 17-18. The plain language of I.C. § 18-4116 does not refer to or require that anyone observe the exposed genitals. As such, Doe's argument is unpersuasive.

But even if this Court were to engage in statutory interpretation, Doe's argument still fails. "The object of statutory interpretation is to derive legislative intent. Interpretation of a statute begins with the statute's literal words." *Saint Alphonsus Reg'l Med. Ctr. v. Gooding Cnty.*, 159 Idaho 84, 86, 356 P.3d 377, 379 (2015) (internal citations omitted). Effect is given to all the statute's words and provisions so that none will be void, superfluous, or redundant. *Id.* at 87, 356 P.3d at 380. We also look to the statute's grammatical construction as the legislature intended the statute to be construed according to the generally accepted principles of English grammar to

4

analyze the statute's meaning. *Ada Cnty. Prosecuting Att'y v. 2007 Legendary Motorcycle*, 154 Idaho 351, 354, 298 P.3d 245, 248 (2013); *see also State v. Collinsworth*, 96 Idaho 910, 914, 539 P.2d 263, 267 (1975). "Generally, under the rule of the last antecedent clause, a referential or qualifying clause refers solely to the last antecedent, absent a showing of contrary intent. However, when punctuation discloses a proper legislative intent or conveys a clear meaning the courts should give weight to it as evidence." *2007 Legendary Motorcycle*, 154 Idaho at 354, 298 P.3d at 248 (internal quotation marks omitted) (citations omitted). Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma. *Id.*

Here, the word "or" is placed between "in any public place" and "in any place." The word "or" is a "disjunctive particle used to express an alternative or to give a choice of one among two or more things." *State v. Cota-Medina*, 163 Idaho 593, 600, 416 P.3d 965, 972 (2018) (quoting *Markel Int'l Ins. Co., Ltd v. Erekson*, 153 Idaho 107, 110, 279 P.3d 93, 96 (2012)). This means there are two separate ways to violate the statute. One way a person could be guilty of indecent exposure is if the person willfully and lewdly exposes their genitals in any public place. Alternatively, a person could be found guilty of indecent exposure if the person willfully and lewdly exposes their genitals in any place where there is present another person or persons who are offended or annoyed by such exposure. The qualifying phrase "where there is present another person or persons who are offended or annoyed thereby" is not separated by a comma from its immediate antecedent "in any place." Thus, the presence of another person and that the person be offended or annoyed by someone willfully and lewdly exposing their genitals only applies to the immediate antecedent "in any place," not "in any public place." In other words, if a person willfully and lewdly exposes themselves in a public place, there is no requirement that another person be present, let alone observe the exposed genitals. If the person exposing themselves is not in a public place, but rather, "in any place," then another person must be present and that other person must be offended or annoyed, but there is still no requirement that the other person observe the exposed genitals. Consequently, whether in a public place, or in any place, I.C. 18-4116 does not require anyone to see the exposed genitals as an element of the offense.

Doe cites this Court to *State v. Wymore*, 98 Idaho 197, 560 P.2d 868 (1977), and *State v. Harvey*, 142 Idaho 527, 129 P.3d 1276 (Ct. App. 2006) to support his argument that "the person or persons present in the public place must be offended or annoyed based on their observations of

5

the exposed genitals." However, *Wymore* is distinguishable, and *Harvey* is inapplicable to this case.

In *Wymore*, the Idaho Supreme Court did not reach the conclusion that another person must observe exposed genitals in order for the crime of indecent exposure to be committed. Rather, the Court analyzed the meaning of "publicly expose his person or his genitals" within a Boise City Ordinance criminalizing indecent exposure. *Wymore*, 98 Idaho at 198-99, 560 P.2d at 869-70. At the time, that ordinance provided: "It shall be unlawful for any person, for the purpose of arousing or gratifying sexual desire for himself or any person to publicly expose his person or his genitals." *Id.* at 198, 560 P.2d at 869. Wymore motioned to a woman in a parking lot to get into his vehicle and repeated a slang term for female genitalia. *Id.* Wymore also moved and gestured his hand as if he were masturbating, while moaning and groaning with his tongue hanging out of his mouth. *Id.* The single eyewitness only observed the obscene gestures and heard Wymore's words. *Id.* The magistrate court differentiated between publicly exposing one's person and exposing one's genitals and found Wymore guilty of indecent exposure of his person for the gestures made, but did not find Wymore exposed his genitals. *Id.* The district court affirmed the conviction. *Id.* The Idaho Supreme Court reversed Wymore's conviction, finding the city ordinance required the exposure of one's genitals, as opposed to just the person, otherwise the ordinance could be vague and unconstitutional. *Id.*

*Wymore* is distinguishable. First, the issue in *Wymore* was whether the ordinance required exposure of Wymore's genitals, as opposed to just exposure of his person. *Id.* The issue in this case is whether I.C. § 18-4116 requires observation of exposed genitals, not whether the statute requires the genitals to be exposed. Second, in *Wymore*, there was no finding Wymore exposed his genitals. In contrast here, the magistrate court found, and the district court affirmed on intermediate appeal, that Doe exposed his genitals. Thus, *Wymore* does not provide a meaningful comparison for this case.

In *Harvey*, a jury found Harvey guilty of sexual abuse of a child under sixteen (I.C. § 18-1506(1)(a)) and indecent exposure (I.C. § 18-4116) after Harvey masturbated under a blanket in front of a minor and then convinced the minor to remove the blanket revealing Harvey's erect penis. *Harvey*, 142 Idaho at 529-30, 129 P.3d at 1278-79. On appeal, Harvey asserted the district court violated his Fifth, Sixth, and Fourteenth Amendment rights regarding various evidentiary issues and challenged the sufficiency of the evidence supporting the jury's verdict of sexual abuse

6

of a minor under sixteen. *Id.* at 530, 129 P.3d at 1279. Harvey did not challenge his conviction for indecent exposure. *See id.* at 530-36, 129 P.3d at 1279-85. Because Harvey did not challenge his conviction for indecent exposure, there was no analysis of I.C. § 18-4116 in the opinion. As a result, *Harvey* is inapplicable to this case.

Doe acknowledges this Court did not address the indecent exposure conviction in *Harvey* when Doe states, "*[w]ithout discussing the elements of indecent exposure*, the Court of Appeals concluded 'the state provided substantial evidence at trial that would allow a reasonable trier [of] facts to conclude the state carried its burden of proof.'" (Emphasis added.) This quote, while correct, is misleading in context because the quoted language refers to this Court's conclusion that there was sufficient evidence to affirm Harvey's conviction for sexual abuse of a child and did not relate to his conviction for indecent exposure. *Harvey*, 142 Idaho at 536, 129 P.3d at 1285. Nothing in the opinion addresses Harvey's conviction for indecent exposure because he did not challenge that conviction on appeal. Thus, *Harvey* does not apply.

Pursuant to I.C. § 18-4116 at the time of the incident, a person commits indecent exposure by willfully and lewdly exposing their genitals in a public place or, in the alternative, in any place where another person is present who is offended or annoyed by such exposure. Nothing in the language of the statute or the cited cases requires a person to observe the exposed genitals. Therefore, the district court, in its intermediate appellate capacity, did not err in affirming the magistrate court's conclusion that Doe fell within the purview of the JCA and committed the offense of indecent exposure.

## B. Sufficiency of the Evidence

Doe does not challenge whether his conduct was done willfully, lewdly, or in public. Nor does Doe dispute he was "in any place" and another person was present and offended or annoyed. Consequently, the only remaining issue is whether there was sufficient evidence, and reasonable inferences therefrom, to support the magistrate court's finding that Doe exposed his genitals. Doe argues there was insufficient evidence to support the magistrate court's finding because there was no evidence that Doe's genitals were exposed. The State argues there was substantial evidence supporting the magistrate court's finding that Doe exposed his genitals and thus, committed the offense of indecent exposure. We hold there is substantial evidence supporting the magistrate court's finding that Doe committed the offense of indecent exposure in violation of I.C. § 18-4116.

7

Substantial evidence may exist even when the presented evidence is circumstantial or conflicting. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). "In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt." *Id.*

The magistrate court concluded Doe's conduct fell within the purview of the JCA for the charge of indecent exposure finding Doe exposed his genitals in a public place and a person observed the event and was offended. Although the woman did not see Doe's genitals, the district court found the images from the woman's home surveillance camera, admitted into evidence at the evidentiary hearing, made it clear that Doe's genitals "would be exposed from a different angle." The district court further found that "the state of [Doe]'s clothing indicates his genitals would be exposed to anybody in the position to see them."

In this case, the woman testified that she saw Doe riding his bicycle with his shorts pulled down, one hand on the handlebar and his other hand making an "up-and-down motion" by his leg area. The images from the woman's home surveillance camera confirmed her testimony. Further testimony revealed that when the woman's fiancé followed Doe, the fiancé saw Doe pull his shorts up and hide behind a bush near a neighboring house. When the fiancé caught up to Doe and questioned him, Doe responded by saying "[n]obody's seen me before" and "I've never been caught."

Doe's defense at the evidentiary hearing was that his shorts were caught in his bike chain. However, the magistrate court rejected Doe's defense. The magistrate court found Doe's shorts were nowhere near the bike chain. Additionally, the magistrate court noted it would have been difficult for Doe to continue riding his bicycle if his shorts were caught in the bicycle chain. The evidence, including the images from the woman's home surveillance camera, support the magistrate court's conclusion.

Doe focuses on the fact that the State did not prove Doe was not wearing underwear, but that has no bearing on whether the State met its evidentiary burden based on the evidence presented. "Sufficiency of the evidence, however, is determined from the evidence that *was* presented, not solely from the evidence that was absent." *State v. Garcia*, 156 Idaho 352, 355, 326 P.3d 354, 357 (Ct. App. 2014). Here, the magistrate court found, and the district court affirmed on intermediate appeal, the evidence presented at the evidentiary hearing, and the reasonable

8

inferences therefrom, established Doe committed the offense of indecent exposure. There is sufficient evidence, and reasonable inferences therefrom, demonstrating Doe willfully and lewdly exposed his genitals in public in violation of I.C. § 18-4116.

## IV.

## CONCLUSION

A person commits indecent exposure in violation of I.C. § 18-4116 by willfully and lewdly exposing their genitals in a public place or, in the alternative, in any place where another person is present who is offended or annoyed by such exposure. The statute does not require anyone to observe the exposed genitals. Sufficient evidence, and reasonable inferences therefrom, support the magistrate court's finding that Doe committed the offense of indecent exposure and thus, fell within the purview of the JCA. Therefore, the district court's opinion, on intermediate appeal, affirming the magistrate court's decision and order is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.