IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42243

SAINT ALPHONSUS REGIONAL
MEDICAL CENTER,

    Petitioner-Respondent,

v.

GOODING COUNTY and THE BOARD OF
GOODING COUNTY COMMISSIONERS,

    Respondent-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Twin Falls June 2015 Term

2015 Opinion No. 86

Filed: September 4, 2015

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

District court decision reversing Gooding County Board of Commissioners' decision denying medical indigency claim, <u>affirmed.</u>

Gooding County Prosecutor's Office, Gooding, for appellant. Kathleen R. Arnold argued.

Elam & Burke, Boise, for respondent. Robert A. Berry argued.

---

BURDICK, Justice

Gooding County appeals the district court's decision reversing the Gooding County Board of Commissioners's (BOCC) decision affirming the denial of a third-party medical indigency application. On August 27, 2013, Saint Alphonsus Regional Medical Center (Hospital) submitted a third-party medical indigency application to the Department of Health and Welfare (Department) on behalf of a patient who had been hospitalized at its facility since July 27, 2013. The County Clerk denied the application on the basis that it was untimely filed, and the BOCC affirmed. The Hospital appealed that decision to the Gooding County district court, which reversed the decision and remanded for further proceedings. Gooding County then appealed to this Court. On appeal, Gooding County asserts that the district court erred when it held that the date of admission is excluded when calculating an application's deadline under Idaho Code section 31-3505(3). We affirm.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2013, D.J.W. (Patient) was admitted to the Hospital and hospitalized due to injuries he sustained in a motor vehicle accident. On August 27, 2013, the Hospital filed a First Party Combined County Medical Assistance Application with the Department on Patient's behalf. The County Service Director investigated the application and ultimately concluded that the application should be denied as untimely. On September 9, 2013, the County Clerk issued an initial determination denying the application on the basis that it was not timely filed.

The Hospital subsequently appealed the initial determination to the BOCC, arguing that the County Clerk incorrectly counted the date of admission as day one of the thirty-one day application deadline. Following a hearing, the BOCC issued its Findings of Fact Conclusion and Decision, which affirmed the denial of the application on the basis that it was untimely filed.

The Hospital then petitioned the Gooding County district court for review. The district court concluded that the BOCC erred when it included the date of admission in calculating the application deadline. Consequently, the district court reversed the BOCC's decision and remanded to the BOCC to approve the application. Gooding County then moved the district court for reconsideration, which the district court denied. Gooding County timely appealed to this Court.

# II. STANDARD OF REVIEW

The Idaho Administrative Procedure Act governs this Court's review of a county board of commissioners's denial of an application for indigency benefits. I.C. § 67-5201 et seq.; I.C. § 31-1506; *St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of Cnty. Comm'rs of Gooding Cnty.*, 150 Idaho 484, 486, 248 P.3d 735, 737 (2011). The decision may be overturned on judicial review only where it: (a) violates statutory or constitutional provisions; (b) exceeds statutory authority; (c) was made upon unlawful procedure; (d) is not supported by substantial evidence in the record as a whole; or (e) is arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). On an appeal from the decision of the district court on a petition for judicial review, we review the court's decision to determine whether it correctly decided the issues presented to it. *Burns Holdings, LLC v. Teton Cnty. Bd. of Comm'rs*, 152 Idaho 440, 443, 272 P.3d 412, 415 (2012).

## III. ANALYSIS

The only issue on appeal is whether the Hospital timely filed the application for indigency benefits under Idaho Code section 31-3505(3). The parties do not dispute that Patient was admitted to the Hospital on July 27, 2013, and that Patient was subsequently hospitalized due to the injuries he sustained in a motor vehicle accident. There is also no dispute that the Hospital filed a First Party Combined Application for medical assistance with the Department, which the Department received on August 27, 2013. The parties disagree on whether the first day of admission to the hospital counts towards the thirty-one day filing deadline under Idaho Code section 31-3505(3). Gooding County argues that the statute's plain language indicates that the day of admission must be included in determining the application deadline. The Hospital, on the other hand, asserts that Idaho Code section 73-109 directly controls the computation of time in this case, and that the district court correctly concluded that the date of admission must be excluded when determining the application deadline.

The policy behind Chapter 35 is to encourage personal responsibility for medical care and to charge counties with the duty to care for individuals that cannot meet this responsibility. I.C. § 31-3501. "In construing [Idaho Code § 31-3501, *et seq.*], this Court has stated that the legislature's general intent in enacting the medical indigency assistance statutes is twofold: to provide indigents with medical care and to allow hospitals to obtain compensation for services rendered to indigents." *Univ. of Utah Hosp. v. Ada Cnty. Bd. of Comm'rs*, 143 Idaho 808, 810, 153 P.3d 1154, 1156 (2007) (citation omitted) (internal quotation marks omitted). Consequently, Idaho's Medical Indigency Act requires counties to contribute to the cost of providing necessary medical care to county residents who are indigent. *See* I.C. § 31-3501. This Court has stated that placing too heavy a burden on providers to collect on services rendered to medical indigents could reduce hospitals' ability to provide such services. *Univ. of Utah Hosp.*, 143 Idaho at 811, 153 P.3d at 1157.

Idaho Code section 31-3505 governs the time and manner of filing applications for such financial assistance from the counties. That section was amended to its present form effective July 1, 2011. It provides, in relevant part:

**31-3505. Time and manner of filing applications for financial assistance.**

Applications for financial assistance shall be filed according to the following time limits. Filing is complete upon receipt by the clerk or the department.

. . . .

3

(2) A completed application for emergency necessary medical services shall be filed with the clerk any time within thirty-one (31) days beginning with the first day of the provision of necessary medical services from the provider, except as provided in subsection (3) of this section.

(3) In the case of hospitalization, a completed application for emergency necessary medical services shall be filed with the department any time within thirty-one (31) days of the date of admission.

. . . .

I.C. § 31-3505(2),(3). Because Patient was hospitalized, subsection (3) applies and we must determine when the clock starts running for purposes of determining the application deadline. Specifically, we must determine whether the day of admission is included as day one of the thirty-one day filing deadline. Thus, Gooding County's appeal involves an issue of statutory interpretation.

The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Maidwell*, 137 Idaho 424, 426, 50 P.3d 439, 441 (2002). The object of statutory interpretation is to derive legislative intent. *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011). Interpretation of a statute begins with the statute's literal words. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. *Id.* The Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *Id.* When the statutory language is unambiguous, courts must give effect to the legislature's clearly expressed intent without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999).

However, if the statute is ambiguous, this Court must engage in statutory construction to ascertain legislative intent and give effect to that intent. *Id.* To ascertain the legislature's intent, this Court examines the literal words of the statute, the context of those words, the public policy behind the statute, and the statute's legislative history. *Id.* Courts must construe a statute "under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed." *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994). Finally, Idaho has recognized the rule of *expressio unius est exclusio alterius*—"where a constitution or statute specifies certain things, the designation of such things excludes all others." *Local 1494 of the Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978).

The BOCC concluded that the Hospital's application was untimely. Specifically, the BOCC stated:

> [A]s a matter of law, both Idaho Code section 31-3505(2) and 31-3505(3) clearly and unambiguously require a filed application ***within 31 days*** of emergency care or hospitalization. This patient began emergency care and was hospitalized the same day; therefore, both subsections (2), "beginning with the first day of the provision of necessary medical services from the provider" and (3), "within thirty-one (31) days of the date of admission" apply and both subsections of the statute require a "completed application . . . filed . . . within thirty-one (31) days." In addition, because both subsections (2) and (3) apply, there is no ambiguity as to when the count begins. The Board concludes the application was untimely.

The district court, relying on legislative history and case law interpreting similar language in other statutes, held that the BOCC erred when it included the date of admission in determining the application deadline. The district court did not explicitly state that Idaho Code section 31-3505(3) was ambiguous, but by looking at legislative history and case law interpreting similar language from other statutes, it implicitly concluded that the statute was ambiguous.

Gooding County asserts that despite the absence of the "beginning with" language, subsection (3) still unambiguously requires the date of admission to be included in calculating the application deadline. Gooding County asserts that the language "within thirty-one days of the date of admission" clearly indicates that the clock begins to run on the date of admission to the hospital. Gooding County reasons that had the legislature intended the date of admission to be excluded, it would have used words such as "following" or "after" the date of admission. The Hospital, on the other hand, asserts that Idaho Code section 31-3505(3) is ambiguous and urges this Court to apply Idaho Code section 73-109 to compute the filing deadline. We agree.

Although Idaho Code section 31-3505(2) unambiguously states that "an application for emergency necessary medical services shall be made any time within thirty-one (31) days ***beginning with the first day of the provision of necessary medical services*** from the provider," the "beginning with" language is absent from section 31-3505(3). (emphasis added). Instead, Idaho Code section 31-3505(3) only states that in the case of hospitalization, an application for emergency necessary medical services must be filed "any time ***within*** thirty-one (31) days of the date of admission." (emphasis added). The plain meaning of the word "within" provides little guidance. *Webster's Third New International Dictionary*, 2627 (1993), defines "within" as "not longer in time than : before the end or since the beginning of," and "during the course of: at any time during." These definitions do not resolve the issue here. "Within" thirty-one days could

reasonably be construed as either including or excluding the date of admission from the deadline. Consequently, we must engage in statutory construction to determine the legislature's intent.

As discussed above, the policy behind Chapter 35 is to encourage personal responsibility for medical care and to charge counties with the duty to care for individuals who cannot meet this responsibility. I.C. § 31-3501. Furthermore, the legislature's general intent in enacting the medical indigency assistance statutes was to provide indigents with medical care and to allow hospitals to obtain compensation for services rendered to indigents. *University of Utah Hosp.*, 143 Idaho at 810, 153 P.3d at 1156. Consequently, Idaho's Medical Indigency Act requires counties to contribute to the cost of providing necessary medical care to county residents who are indigent. *See* I.C. § 31-3501.

The legislative history of Idaho Code section 31-3505 indicates that the date of admission should not be included in calculating the filing deadline. Indeed, prior to the 2011 amendment, Idaho Code section 31-3505(3) did not exist, and Idaho Code section 31-3505(2) read:

> (2) An application for emergency necessary medical services shall be made any time within thirty-one (31) days ***beginning with the first day of the provision of necessary medical services*** from the provider ***or in the case of hospitalization***, thirty-one (31) days ***beginning with the date of admission***, or if a request for medicaid eligibility determination has been denied by the department pursuant to section 31-3503E, Idaho Code, within thirty-one (31) days of receiving notice of the denial.

I.C. §31-3505(2) (2000) (amended 2011) (emphasis added). Thus, prior to 2011, Idaho Code section 31-3505(2) clearly and unambiguously required the date of admission to be included when calculating the filing deadline for hospitalized patients. However, as illustrated above, the 2011 amendment split that section into what is currently subsections (2) and (3). For convenience, those provisions are listed again here:

> (2) A completed application for emergency necessary medical services shall be filed with the clerk any time within thirty-one (31) days beginning with the first day of the provision of necessary medical services from the provider, except as provided in subsection (3) of this section.

> (3) In the case of hospitalization, a completed application for emergency necessary medical services shall be filed with the department any time within thirty-one (31) days of the date of admission.

I.C. § 31-3505(2), (3).

The foregoing illustrates that the amendment changed both the manner of, and time for, filing applications for financial assistance related to indigent medical care. Indeed, prior to the

6

amendment, all applications had to be filed with the county clerk. However, after the amendment, applications for emergency necessary medical expenses must be filed with the county clerk, while applications for emergency medical services requiring hospitalization must be filed with the Department. I.C. § 31-3505(1), (2), (3). As for the time to file an application, although the legislature left the "beginning with" language in subsection (2), which deals with the filing of an application where necessary medical services were provided but the patient was not hospitalized, the legislature omitted the "beginning with" language from subsection (3), which deals with filing an application where a patient was hospitalized.

The committee notes from the 2011 amendment do not explain why the legislature struck the "beginning with" language from subsection (3) while leaving it in subsection (2). Gooding County argues that the legislature merely deleted excess words from subsection (3) without changing the statute's meaning or the calculation for the application deadline. Thus, Gooding County asserts that the legislature likely intended the "within thirty-one (31) days of" language in subsection (3) to be interpreted the same as the "within thirty-one days beginning with" language in subsection (2). Gooding County reasons that it would be illogical to interpret the two subsections to have different calculations because they apply to nearly identical facts, the only difference being that one requires hospitalization.

This Court has recognized that the "[l]anguage of a particular section need not be viewed in a vacuum. And all sections of applicable statutes must be construed together so as to determine the legislature's intent." *Friends of Farm to Market v. Valley Cnty.*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002) (quoting *Lockhart v. Dep't of Fish & Game*, 121 Idaho 894, 897, 828 P.3d 1299, 1302 (1992)) (internal quotation marks omitted). "Constructions that would lead to absurd or unreasonably harsh results are disfavored." *Spencer v. Kootenai Cnty.*, 145 Idaho 448, 455, 180 P.3d 487, 494 (2008). The discrepancy between Idaho Code section 31-3505(2) and (3) is difficult to reconcile. It is difficult to imagine why the legislature would grant an additional day to file an application just because an individual was hospitalized.

However, this Court has been reluctant to second-guess the wisdom of a statute and has been unwilling to insert words into a statute that the Court believes the legislature left out, be it intentionally or inadvertently. *See Boise Street Car Co. v. Ada Cnty.*, 50 Idaho 304, 296 P 1019 (1931) (declining to read the words "and less than five thousand pounds," that were claimed to have been inadvertently omitted from a provision fixing license fees for motor vehicles

7

"weighing more than two thousand pounds"); *see also Manary v. Anderson*, 292 P.3d 96, 103 (Wash. 2013) ("Where the legislature omits language from a statute, intentionally or inadvertently, the Supreme Court will not read into the statute the language that it believes was omitted."); *Estate of Bell v. Commissioner*, 928 F.2d 901, 904 (9th Cir. 1991) ("Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another."). Indeed, as this Court stated in *Berry v. Koehler*, 84 Idaho 170, 177, 369 P.2d 1010, 1013 (1962), "[t]he wisdom, justice, policy, or expediency of a statute are questions for the legislature alone." Interpreting subsection (3) to include the date of admission would essentially constitute revising the statute to add the "beginning with language" that was deleted, albeit possibly inadvertently, in the 2011 amendment. This Court has recognized that it does not have the authority to do so, as the legislative power is vested in the senate and house of representatives, Idaho Const. art. III, § 1, not in this Court. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011).

Rather, we presume that the legislature was aware of the statute's language when it made the 2011 amendments. Indeed, "[i]t is the long standing rule in this state that when the legislature amends a statute it is deemed, absent an express indication to the contrary, to be indicative of *changed legislative intent*." *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 614, 747 P.2d 18, 23 (1987) (emphasis added); *see also, Lincoln Cnty. v. Fid. & Deposit Co. of Maryland*, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981) ("When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment."). The omission of the "beginning with" language indicates that the legislature intentionally left it out of subsection (3). This argument has particular weight considering the language the legislature inserted at the end of subsection (2), which states that the application must be filed with the clerk within thirty-one days "beginning with the first day of the provision of necessary medical services from the provider, *except as provided in subsection (3)*." I.C. § 31-3505(2) (emphasis added). Subsection (3) goes on to require an application to be filed with the department rather than the clerk, and only states that the application must be filed within thirty-one days of the date of admission. Thus, subsection (3) changes the filing requirements of subsection (2) in two ways: first, the application must be filed with the department instead of the clerk; and second, the application must be filed within thirty-one days following the date of admission rather than within thirty-one days beginning with the date of admission.

8

We also point out that the statement of purpose for the 2011 amendment reads that the bill "clarifies [the] timeframe for filing applications, that completed applications must comply with the process and timeliness in law, and specifies [the] process when determining [the] obligated county." Statement of Purpose, RS20680, H.B. No. 0310a (2011), House Statements of Purpose: House Bills (2011). Additionally, the preamble to the bill states that the act amends, among other sections, Idaho Code section 31-3505 "to revise and add to the time and manner of filing applications." This lends further support to our conclusion that when the legislature amended section 31-3505, it specifically focused on not only the manner of filing applications but also the timeframe. This, in turn, supports the presumption that the legislature acted intentionally when it omitted the "beginning with" language from subsection (3).

What is more, this Court has recognized that "in determining time computation, the general rule is that the first day is excluded and last day is included." *Harris v. Beco Corp.*, 110 Idaho 28, 29, 713 P.2d 1387, 1388 (1986) (citing I.C. § 73-109; I.R.C.P. 6(a)). Indeed, Idaho Code section 73-109 specifically addresses how to compute deadlines for acts contemplated by statute. That statute states:

**§73-109 COMPUTATION OF TIME**

The time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded.

I.C. § 73-109. Thus, unless a statute specifically provides for a different start date, the default start date for computing time is the second day, the first day being excluded from the computation. Here, Idaho Code section 31-3505(3), unlike section 31-3505(2), does not fix the day when an application should be filed. Consequently, Idaho Code section 73-109 applies, and the date of admission is excluded in determining the application deadline for purposes of Idaho Code section 31-3505(3).

As the district court pointed out, consistent with Idaho Code section 73-109, this Court has interpreted other statutory provisions using language similar to that found in Idaho Code section 31-3505(3) to exclude the first day. For instance, this Court interpreted Idaho Code section 31-3504, which requires that an application for medical assistance be filed within thirty days of a patient becoming medically indigent, to exclude the first day. *Saint Alphonsus Reg'l Med. Ctr., Ltd. v. Canyon Cnty.*, 120 Idaho 420, 424, 816 P.2d 977, 981 (1991), *abrogated on other grounds by Univ. of Utah Hosp. & Med. Ctr. v. Twin Falls Cnty.*, 122 Idaho 1010, 842

9

P.2d 689 (1992). In that case, after noting that Idaho Code section 31-3504 required an application to be filed within thirty days of a patient becoming medically indigent, the Court stated that "[t]hirty days from August 24, 1987 is September 23, 1987." *Id.* This calculation excluded the first day the patient became indigent.

Similarly, in *IHC Hospitals, Inc. v. Teton Cnty.*, 139 Idaho 188, 191, 75 P.3d 1198, 1201 (2003), this Court discussed the deadline for filing a notice of appeal from a denial of an application for financial assistance under Idaho Code section 31-3505D. That section requires a party to file a notice of appeal with the county commissioners within twenty-eight days of the date of the denial of the application. I.C. § 31-3505D. This Court noted:

> The County denied the application of financial assistance for Patient on December 11, 2000. The Hospital had twenty-eight days to file a written notice of appeal with the County in order to appeal the initial determination. I.C. § 31-3505D. Pursuant to I.C. § 31-3505D, the initial determination became final on January 8, 2001, because the Hospital did not file an appeal within the required time.

*Id.* n.2. Thus, the Court excluded the first date—the date of the initial determination—in calculating the time to file a notice of appeal under Idaho Code section 31-3505D. The foregoing case law reflects this Court's adherence to the general rule that, unless otherwise specified by statute, the first day is excluded from calculating deadlines. Because Idaho Code section 31-3505(3) does not specifically state that the date of admission is included in calculating the thirty-one day application deadline, we hold that Idaho Code section 73-109 applies and the date of admission is excluded from calculating the thirty-one day application deadline under Idaho Code section 31-3505(3). Consequently, the district court did not err when it reversed the BOCC's decision.

## IV. CONCLUSION

We affirm the district court's decision reversing the BOCC's determination that the Hospital did not timely file its application. Costs to the Hospital.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**