# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50852

LATAH COUNTY, a political subdivision of
the State of Idaho; and LATAH COUNTY
ASSESSOR Rod Wakefield,

    Petitioners-Cross Respondents-
    Respondents,

v.

IDAHO STATE TAX COMMISSION,

    Respondent-Cross Petitioner-
    Appellant.

LINCOLN COUNTY, a political subdivision
of the State of Idaho; and LINCOLN
COUNTY ASSESSOR Linda Jones,

    Petitioners-Cross Respondents-
    Respondents,

v.

IDAHO STATE TAX COMMISSION,

    Respondent-Cross Petitioner-
    Appellant.

Boise, January 2025 Term

Opinion filed: July 8, 2025

Melanie Gagnepain, Clerk

_____

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Adam H. Green, District Judge.

The district court order is <u>reversed</u>, the judgment is <u>vacated</u>, and the case is <u>remanded</u> for entry of an order affirming the Tax Commission's May 2022 Order.

Raúl R. Labrador, Idaho Attorney General, Boise, for Appellant Idaho State Tax Commission. Alan M. Hurst argued.

William W. Thompson, Jr., Latah County Prosecuting Attorney, Moscow, for Respondents Latah County and Latah County Assessor Rod Wakefield. Richard T. Roats, Lincoln County Prosecuting Attorney, Shoshone, for Respondents Lincoln County and Lincoln County Assessor Linda Jones. Bradley J. Rudley argued.

Morgan D. Goodin and Preston N. Carter for Amicus Idaho Association of Counties.

_____

MEYER, Justice.

This case involves a dispute regarding the interpretation and application of Idaho Code section 63-602G, which governs the homestead property tax exemption. We hold that the plain language of Idaho Code section 63-602G (Supp. 2020) (effective January 1, 2021)[1] requires retroactive application of the homestead exemption to January 1 of the tax year during which the application was submitted, without regard to the application submission date.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Idaho provides a homestead property tax exemption for homeowners who apply and meet specific criteria. In 2020, through House Bill 562, the Idaho Legislature amended Idaho Code section 63-602G, the statute that provides the homestead exemption. *See* Act of Mar. 24, 2020, ch. 248, 2020 Idaho Sess. Laws 727. The amendment modified the statute to add, "[t]he exemption allowed by this section shall be effective upon the date of the application" and removed the previous April 15 deadline to apply for the tax exemption. *See id.* § 1, 2020 Idaho Sess. Laws at 727–29.

After House Bill 562 became law, the Idaho State Tax Commission ("Tax Commission" or "Commission") issued guidance on the newly enacted property tax legislation specifically to county assessors, instructing that the Homestead Exemption would not be prorated based on the date the exemption application was submitted. The Idaho Attorney General subsequently issued Opinion 21-01, which concluded that a homeowner could claim the full homestead exemption regardless of when it was applied for during the year. Latah and Lincoln Counties ("the Counties") disagreed and prorated the exemption based on the application date.

The Tax Commission subsequently sent the Counties demand letters in early January 2022, as "a final opportunity for [the Counties] to willfully administer the homestead exemption in its entirety—according to [1] the language of Idaho Code [section] 63-602G, [2] the Commission's guidance, and [3] the Opinion of the Attorney General—by discontinuing [the] proration of the exemption." Latah County responded and refused to comply with the Tax Commission's interpretation, stating that it was "acting in good faith and in accordance with [its] best judgment and discretion in interpreting and implementing last year's changes to Idaho Code [section] 63-

---

[1] After oral argument, the Idaho Legislature amended Idaho Code section 63-602G again through House Bill 354. *See* H.B. 354, 68th Leg., 1st Reg. Sess. (Idaho 2025) (to be codified at I.C. § 63-602G(5)(a), (b)). All references to Idaho Code section 63-602G in this opinion refer to the version that went into effect on January 1, 2021, through House Bill 562, 65th Legislature, 2d Regular Session (Idaho 2020), unless otherwise indicated.

602G." Consequently, the Tax Commission convened a hearing to address the Counties' application of the homestead exemption. During this hearing, assessors from Latah and Lincoln Counties provided testimony explaining how they applied the exemption, which revealed that each County applied it differently. Following the hearing, State Tax Commissioners unanimously voted to issue an order directing the Counties to apply the full homestead exemption. The Tax Commission issued an order ("May 2022 Order"), pursuant to Idaho Code sections 63-1404 and 63-105A, directing that for all homestead exemption applications received on or after January 1, 2022, the Latah County and Lincoln County Assessors must "cease prorating the homestead exemption and apply the interpretation of Idaho Code [section] 63-602G provided in Attorney General Opinion 21-01."

The Counties petitioned for judicial review under the Idaho Administrative Procedure Act ("APA") and Rule 84 of the Idaho Rules of Civil Procedure in their respective district courts. The Counties also filed a motion to stay the Tax Commission's order. The Tax Commission filed motions to dismiss each petition and objected to the Counties' motions to stay. The Tax Commission also petitioned to enforce the May 2022 Order under Idaho Code section 63-1404(4). The parties filed stipulations that requested the district courts to consolidate the Latah County and Lincoln County cases. They agreed that the Latah County district judge should hear the cases and framed the issues as: (1) "Whether the Tax Commission exceeded its authority under Idaho Code [section] 63-1404 by issuing the May 12, 2022, Order" and (2) "[w]hether Idaho Code [section] 63-602G and House Bill 562 (2020) provide for prorating of the Idaho Homestead Exemption." They also agreed that the district court would decide the first issue under the APA and Rule 84 of the Idaho Rules of Civil Procedure and the second issue under Idaho Code section 63-1404.

Following a hearing on the cross-petitions for judicial review, the district court reversed the Tax Commission's May 2022 Order and entered judgment in favor of the Counties. The district court determined that the Tax Commission exceeded its authority under Idaho Code section 63-1404(3) by issuing the May 2022 Order directing the Latah County and Lincoln County assessors to comply with the Attorney General Opinion "apparently in an effort specifically to avoid legislative review . . . ." The district court also determined that Idaho Code section 63-602G was ambiguous, particularly regarding whether the tax exemption applied to the entire year or was prorated from the date of application. The court then turned to legislative history to determine legislative intent, reviewing legislative debates, statements, and supporting documents like fiscal

3

notes and affidavits from individual legislators. The district court concluded that "the legislature intended to allow proration of the homeowner's exemption effective on the 'date of the application.'"

The Tax Commission timely appealed after the district court denied the Commission's motion for reconsideration. The Idaho Association of Counties ("IAC") filed an amicus curiae brief supporting Latah and Lincoln Counties.

## II.    STANDARDS OF REVIEW

"Statutory interpretation is a question of law over which this Court exercises free review." *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017) (quoting *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 748, 274 P.3d 1256, 1263 (2012)).

When reviewing a decision of a district court acting in its appellate capacity under the APA, we review "the decision of the district court to determine whether it correctly decided the issues presented to it." *Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 879, 517 P.3d 803, 808 (2022) (quoting *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 255, 371 P.3d 305, 309 (2016), *abrogated on other grounds by*, *3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180 (2022)). In so doing, this Court conducts an independent review of the agency record and defers to the agency's factual findings unless they are clearly erroneous. *Id.* at 879–80, 517 P.3d at 808–09 (citation omitted). "If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." I.C. § 67-5279(3).

"[A]ctions by state agencies are not subject to judicial review unless expressly authorized by statute." *Laughy v. Idaho Dep't of Transp.*, 149 Idaho 867, 870, 243 P.3d 1055, 1058 (2010) (citing I.R.C.P. 84(a)(1)). The APA governs judicial review of the Tax Commission's actions that result in the agency issuing an order. *See* I.C. § 67-5240 ("A proceeding by an agency . . . that may result in the issuance of an order is a contested case and is governed by the [APA.]"). Under the APA,

> [w]hen [an] agency was required by the [APA] or by other provisions of law to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>
> (a) In violation of constitutional or statutory provisions;
>
> (b) In excess of statutory authority of the agency;
>
> (c) Made upon unlawful procedure;

(d) Not supported by substantial evidence on the record as a whole; or

(e) Arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3).

### III.   ANALYSIS

**A.  House Bill 354 amending Idaho Code section 63-602G does not render this case moot.**

After oral argument, we granted the Tax Commission's unopposed motion to supplement the record with additional authority in light of recent legislative amendments to Idaho Code section 63-602G. In response, the Counties filed a joint supplemental brief asserting that the amendment renders both issues on appeal moot. In contrast, the Tax Commission maintains that the statutory interpretation issue remains justiciable and that the amendment does not affect the question of the Commission's authority. The relevant portion of the amendment provides:

> (5) (a) The exemption allowed by this section shall be effective on the date of eligibility status change provided on the approved application for the current tax year and must be taken before the reduction in taxes provided by sections 63-701 through 63-710, Idaho Code, is applied.

> (b) If the eligibility status of the property eligible for the exemption changes during the tax year, the property taxes shall be prorated based on the property's eligibility status during the year. . . .

*See* H.B. 354, § 3, 68th Leg., 1st Reg. Sess. (Idaho 2025) (to be codified at I.C. § 63-602G(5)(a), (b)). This amendment becomes effective on January 1, 2026. *See id.* § 5.

The Counties argue that the amendment resolves the statutory ambiguity at the core of this dispute and renders the case moot. They contend that, even if the Court were to adopt the Tax Commission's interpretation, it would have no legal consequence until the amendment takes effect in 2026. The Counties also assert that the Commission's authority is not meaningfully contested, suggesting the real issue is whether its order is enforceable.

The Tax Commission disagrees, arguing that the case remains justiciable because its May 2022 Order applies to the 2022 tax year. If the district court enforces that order, homeowners could receive tax credits or refunds based on misapplied exemption proration. Additionally, the Commission contends that House Bill 354 has no bearing on the question of its statutory authority, which remains unresolved.

"This Court may dismiss an appeal when it appears that the case involves only a moot question." *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000) (citation omitted). "Generally, '[a] case becomes moot when the issues presented are

5

no longer live or the parties lack a legally cognizable interest in the outcome.'" *Frantz v. Osborn*, 167 Idaho 176, 180, 468 P.3d 306, 310 (2020) (alteration in original) (quoting *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009)). "An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Id.* (quoting *Farrell*, 146 Idaho at 610, 200 P.3d at 1159).

Here, House Bill 354 prospectively clarifies that homestead exemptions must be prorated based on a property's eligibility status throughout the tax year. This amendment addresses the interpretive uncertainty in the future but does not apply retroactively. Because it does not govern the 2022 tax year—the relevant year in this appeal—it does not resolve the legal issues before the Court.

In addition, the Commission's May 2022 Order remains operative for the 2022 tax year. The record shows that the Counties declined to implement the Commission's order because the Counties believe it exceeded the agency's authority. That dispute presents a live and unresolved question regarding the enforceability of that order. A decision from this Court would clarify the scope of the Commission's authority and determine whether the Counties must comply with the Commission's May 2022 Order, which may result in concrete remedies on remand. Thus, this appeal presents a live controversy with real legal consequences.

The legal issues in this case relate to past actions with current consequences, and a ruling would impact the rights and obligations of the parties involved. Therefore, this case is not moot. This case also raises important public interest concerns, especially regarding the need for consistency and predictability in property tax administration throughout Idaho. *See Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008).

**B. Idaho Code section 63-602G (before the 2025 amendment) requires the retroactive application of the homestead exemption effective January 1 of the tax year, regardless of when the application is submitted.**

The central issue for this Court concerns the interpretation of Idaho Code section 63-602G before its recent amendment: Does the homestead exemption apply retroactively to January 1 of the tax year, or is it prorated from the date the application is submitted? The Tax Commission argues for retroactive application, while the Counties and the IAC advocate for a prorated approach.

On judicial review, the district court determined that the language of Idaho Code section 63-602G was ambiguous, and it applied statutory construction to ascertain legislative intent. The

district court declined to defer to the Tax Commission's interpretation after considering the four-prong test articulated in *J.R. Simplot Co. v. Idaho State Tax Commission*, 120 Idaho 849, 820 P.2d 1206 (1991), regarding deference to an agency's interpretation of a statute. By examining legislative debates, fiscal notes, and affidavits from individual legislators, the district court concluded that the legislature intended the exemption to be prorated from the date the application is submitted. It did so for several reasons. First, the court found that the comments made by several legislators showed their understanding that county assessors would prorate the homestead tax exemption. Second, the court found support for proration in the fiscal note for House Bill 562, which explained that fiscal impacts to taxing districts decrease when property is purchased later in the year. Third, the court noted that the affidavits of a former state representative and former senator "contributed to the cumulative weight of the evidence in the record that overall supports a determination of legislative intent for proration."

On appeal, both parties assert that the statute's plain language supports their respective interpretations. As we have often stated, statutory interpretation begins by examining "the literal language of the statute." *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 731, 535 P.3d 1098, 1104 (2023) (quoting *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017)). At the same time, it is essential to read the provisions of the statute in their entirety, not in isolation. *See id.* In other words, "[t]he statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings." *Id.* (quoting *Est. of Stahl*, 162 Idaho at 562, 401 P.3d at 140). In this approach, "the Court must give effect to all the words and provisions [within] the statute" to ensure that none are "void, superfluous, or redundant." *Id.* (quoting *Est. of Stahl*, 162 Idaho at 562, 401 P.3d at 140).

The parties' arguments primarily focus on the words, phrases, and sentence structure of Idaho Code section 63-602G(4). Section 63-602G is lengthy. Rather than quoting it here in full, it is quoted in part below as discrete parts of the statute are discussed. The Tax Commission argues that the phrase "the exemption allowed by this section" in the 2020 version of subsection (4) refers to the full exemption amount described in subsection (1)—i.e., the lesser of either $100,000 or 50% of the market value. Since the term "exemption" is not modified by any reference to proration, the Commission contends that the full-year exemption applies retroactively to January 1. The Commission interprets "effective upon the date of application" in section 63-602G(4) as the point when a taxpayer may claim the exemption for that tax year.

7

In contrast, the Counties and IAC argue that the phrase, "shall be effective upon the date of application," requires that the exemption apply from the application date forward because the words "effective" and "upon" are only given meaning through proration. The Counties also define "effective" as "in operation at a given time" to support their claim that the phrase ties the exemption to the application date, thereby prorating the exemption based on the actual occupancy period.

House Bill 562 primarily added the phrase "shall be effective upon the date of the application and" in subsection (4) and removed the previous April 15 certification deadline specified in subsection 2(c). *See* Act of Mar. 24, 2020, ch. 248 § 1, 2020 Idaho Sess. Laws 727, 727–28. However, despite the parties' focus on the added language, the "[l]anguage of a particular section need not be viewed in a vacuum." *Saint Alphonsus Reg'l Med. Ctr. v. Gooding County*, 159 Idaho 84, 89, 356 P.3d 377, 382 (2015) (alteration in original) (citation omitted). Instead, "all sections of applicable statutes must be construed together so as to determine the legislature's intent." *Id.* (citation omitted).

Based on our reading of the statute as a whole, we agree with the parties that Idaho Code section 63-602G is unambiguous. Differing interpretations alone do not establish statutory ambiguity. *See Ada Cnty. Prosecuting Att'y v. 2007 Legendary Motorcycle*, 154 Idaho 351, 354, 298 P.3d 245, 248 (2013). If differing interpretations alone established ambiguity, then all statutes subject to litigation could be considered ambiguous. *Id.* As explained more fully below, the plain language of Idaho Code section 63-602G requires an application of the homestead exemption retroactive to January 1 of the tax year; thus, the date that taxpayers submitted their applications is not relevant. By construing the statute as a whole, it becomes clear that references to "tax year" and the annual calculation of the exemption indicate that the homeowner is to receive the entire exemption regardless of when the homeowner submits an application.

Idaho Code section 63-602G(1) first sets forth the scope and applicability of the homestead exemption:

> For each tax year, the first one hundred thousand dollars ($100,000) of the market value for assessment purposes of the homestead as that term is defined in section 63-701, Idaho Code, or fifty percent (50%) of the market value for assessment purposes of the homestead as that term is defined in section 63-701, Idaho Code, whichever is the lesser, shall be exempt from property taxation.

I.C. § 63-602G(1). The statute states that it applies "[f]or each tax *year*[.]" *Id.* (emphasis added). By definition, a year is "[t]welve calendar months beginning January 1 and ending December 31."

*Year*, Black's Law Dictionary (11th ed. 2019); *see also tax year*, Black's Law Dictionary (11th ed. 2019) ("The period used for computing federal or state income-tax liability, usu[ally] either the calendar year or a fiscal year ending on the last day of a month other than December."). The phrase "[f]or each tax year" indicates that the exemption is designed to cover the entire calendar year from January 1 to December 31, rather than just the prorated period of months, weeks, or days, based on the date of application.

Subsections (2) and (3) of Idaho Code section 63-602G outline the eligibility conditions for the homestead exemption and its continuity across tax years. The legislature, in House Bill 562, eliminated the "April 15" certification deadline previously required under subsection 2(c) of Idaho Code section 63-602G. *See* Act of Mar. 24, 2020 §1, 2020 Idaho Sess. Laws at 727–28. The amendment also removed the condition that the property must be "owner-occupied and used as the primary" residence under subsection (2)(a) or "occupied by a beneficiary, partner, member or shareholder" under subsection 3(c) "*as of January 1, provided that in the event the homestead is owner-occupied after January 1 but before April 15, the owner of the property is entitled to the exemption.*" *See id.* (emphasis indicates deleted text). Before these amendments, taxpayers were required to occupy the property and file an application by April 15 to qualify for the exemption. *See id.* Failure to meet the deadline meant losing eligibility for the full tax year; however, if the taxpayer occupied the property between January 1 and April 15 and timely filed the application, the full exemption was applied. The removal of the April 15 filing deadline and occupancy requirement broadened eligibility and simplified the application process. Under the amended statute, the exemption is no longer tied to a filing deadline, supporting the interpretation that it applies retroactively to January 1 of the tax year, as long as the taxpayer satisfies the other conditions outlined in section 63-602G(2).

Subsection (4) states that "[t]he exemption allowed by this section shall be effective upon the date of the application and must be taken before the reduction in taxes provided by sections 63-701 through 63-710, Idaho Code, is applied." I.C. § 63-602G(4) (current version at I.C. § 63-602G(5)). The key phrase, "[t]he exemption allowed by this section shall be effective upon the date of the application," warrants closer examination. The term "the exemption" refers to the full homestead exemption described in subsection (1), which exempts either "one hundred thousand dollars ($100,000)" "or fifty percent (50%) of the market value," whichever is lesser. I.C. § 63-602G(1). The word "shall" establishes the mandatory nature of the provision, while the adjective

"effective" means "in operation at a given time[.]" *Effective*, Black's Law Dictionary (11th ed. 2019). In this context, "effective" indicates that the application triggers the determination of taxpayer's eligibility for the exemption during the tax year. Contrary to the Counties' argument that the phrase "effective upon the date of the application" requires proration, the phrase specifies that the exemption is effective for a particular tax year. The Tax Commission's interpretation is consistent with the statutory structure, as the application is one of the administrative requirements, not a provision altering the exemption's temporal scope.

The Tax Commission's interpretation of the statute is further supported by section 63-602G, which addresses the procedure for recovery of property tax based on improperly claimed exemptions. Subsection (5)(e) specifies that

> [t]he amount of the recovery of property tax shall be calculated using the product of the amount of exempted value for each year multiplied by the levy for that year plus costs, late charges and interest for each year at the rates equal to those provided for delinquent property taxes during that year.

I.C. § 63-602G(5)(e) (current version at I.C. § 63-602G(6)(e)). This provision authorizes the recovery of property taxes "for each year" in which an exemption was improperly claimed. *Id.* Similarly, subsection (1) of the statute refers to the homestead exemption being granted "[f]or each tax year." I.C. § 63-602G(1). When read together, these subsections demonstrate that both the exemption and any related recovery apply on an annual, not prorated, basis. *See St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of Cnty. Comm'ns of Gooding Cnty.*, 149 Idaho 584, 589, 237 P.3d 1210, 1215 (2010) (stating the canon that "such phrase, word, or clause, repeatedly used in a statute, will be presumed to bear the same meaning throughout the statute, unless there is something to show that there is a different meaning intended, such as a difference in subject-matter"). For example, if a taxpayer improperly claimed a homestead exemption of $100,000 and the applicable levy rate was .002953537, the county is authorized to recover $295.35 for that tax year. Nothing in the statute suggests the amount should be prorated.

Significantly, the statute contains no reference to proration, prorate, or the like. "[T]his Court has been . . . unwilling to insert words into a statute that the Court believes the legislature left out, be it intentionally or inadvertently." *Melton v. Alt*, 163 Idaho 158, 163, 408 P.3d 913, 918 (2018) (alteration in original) (quoting *Saint Alphonsus Reg'l Med. Ctr.*, 159 Idaho at 89, 356 P.3d at 382). With that in mind, if the legislature intended to prorate the exemption based on the timing

of an application, it should have specified a different calculation method under subsections (1) and (5)(e) or referred to a "partial year" or prorated exemption.

In conclusion, the plain language of Idaho Code section 63-602G compels the retroactive application of the homestead exemption. Taxpayers who apply for the homestead exemption after January 1 are entitled to the full tax year exemption. Since the statute is unambiguous, we do not engage in statutory construction. Similarly, we need not address the parties' arguments regarding the deference, or lack thereof, courts give to an administrative agency's statutory interpretation under Idaho Code section 67-5279(5). We also decline to reconsider the four-prong test outlined in *J.R. Simplot Co. v. Idaho State Tax Commission*, 120 Idaho 849, 820 P.2d 1206 (1991).[2] We will leave that issue to another day when it is squarely before the Court.

## C. The Tax Commission did not exceed its statutory authority.

As stated in the previous section, Idaho Code section 63-602G provides that the homestead exemption applies retroactively to January 1 of the tax year in which the application is made. The next issue is whether the Tax Commission exceeded its statutory authority when it ordered the Counties' assessors to comply with its directive to apply the exemption retroactively to January 1.

The district court ruled that the Tax Commission exceeded its authority under Idaho Code section 63-1404(3) when it issued the May 2022 Order directing county assessors to comply with Attorney General Opinion No. 21-01, suggesting that this directive was intended to bypass legislative review. The court reasoned that the Attorney General Opinion was merely advisory and lacked the weight of law without undergoing the formal rulemaking process.

On appeal, the Tax Commission contends it acted within its authority under Idaho Code sections 63-1404(3) and 63-105A(14) when it directed the Counties to cease prorating the homestead exemption. According to the Tax Commission, the statutes read together give the Tax Commission the "power and duty" to issue an interpretation or order regarding property tax law that is binding on counties unless judicially overturned.

At the outset, the Counties assert that the Tax Commission waived its argument relying on Idaho Code section 63-105A because the narrow issue before the district court only included Idaho

---

[2] The Counties and IAC have urged this Court to overrule *Simplot*, following the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). However, given our determination that Idaho Code section 63-602G is unambiguous, there is no need to further address judicial deference in this case. We leave the fate of *Simplot* for another day.

Code section 63-1404. We disagree. The stipulation entered by the parties, which states that Idaho Code section 63-1404 governed the Counties' challenge to the Commission's May 2022 Order, does not bar the Commission from citing other statutory provisions relevant to the analysis of the Commission's authority under section 63-1404. The stipulation reflects an agreement on the central statute governing the Counties' challenge to the Tax Commission's authority rather than a wholesale relinquishment of the Commission's statutory arguments. This Court will not interpret statutes in isolation, particularly when other statutory provisions provide context or clarify the scope of the Tax Commission's authority. *See Smith*, 172 Idaho at 731, 535 P.3d at 1104; *see also Pizzuto v. Idaho Dep't of Corr.*, 170 Idaho 94, 96, 508 P.3d 293, 295 (2022) (evaluating Idaho Code section 19-2716 alongside the APA's definition of "rule").

In essence, the Counties challenge the Tax Commission's authority to issue the May 2022 Order. Idaho Code section 63-1404(3) provides in part:

> Whenever it appears to the state tax commission that any public officer or employee whose duties relate to the assessment or equalization of assessments of property for taxation has failed to comply with any law relating to such duties, or the rules of the state tax commission . . . , the state tax commission . . . may request an order directing the public officer or employee to comply with such law or rule.

I.C. § 63-1404(3). The Counties argue that section 63-1404 applies only to "assessments" and "equalization of assessments" but does not encompass property tax exemptions. They maintain that Attorney General Opinion No. 21-01, which the Tax Commission ordered the Counties to follow, does not qualify as a "law" or "rule" under section 63-1404(3); therefore, enforcing the Attorney General's Opinion exceeded the Tax Commission's statutory authority. As we explain further below, we reverse the district court's ruling and affirm the Tax Commission's authority to issue the May 2022 Order. The Commission's action was within its statutory authority, as granted by Idaho Code sections 63-1404(3), 63-105A(14), and other tax code provisions. To begin, a brief overview of the Tax Commission's constitutional role is necessary to understand its statutory authority.

   1. *The constitutional role and duties of the Tax Commission.*

The Tax Commission is a constitutional body mandated by Article VII, section 12 of the Idaho Constitution, which provides in part that the "commission shall have such other powers and perform such other duties as may be prescribed by law, including the supervision and coordination of the work of the several county boards of equalization." *See* Idaho Const. art. VII, § 12; *see also* I.C. § 63-101(2) ("The state tax commission shall be the constitutional tax commission prescribed

12

in section 12, article VII, of the constitution of the state of Idaho."). The Tax Commission has an explicit constitutional duty: to supervise and coordinate the work of the several county boards of equalization. *Union Pac. R.R. Co. v. Bd. of Tax Appeals*, 103 Idaho 808, 814, 654 P.2d 901, 907 (1982) (quoting Idaho Const. art. VII, § 12).

In addition, the Constitution provides that "[t]he legislature shall pass all laws necessary to carry out the provisions of [Article VII of the Idaho Constitution]." Idaho Const. art. VII, § 16. Consistent with that constitutional mandate, the legislature delineated the Tax Commission's structure, authority, and function through statutory provisions in chapter 1, title 63 of the Idaho Code. *See generally* I.C. §§ 63-101 through 63-119. Idaho Code section 63-105 outlines the Tax Commission's general powers and duties, including tax collection, rulemaking, research, enforcement, and advisory roles. *See* I.C. § 63-105. Under its general powers and duties, the Tax Commission primarily operates in an executive capacity, fulfilling statutory duties such as tax assessment and collection, *see* § 63-105(1), enforcement; *see* § 63-105(5); and administrative functions, *see* § 63-105(3), (4), (9). In addition, specific subsections cloak the Tax Commission with quasi-judicial authority (e.g., summoning witnesses, *see* § 63-105(7), and administering oaths, *see* § 63-105(8)); and quasi-legislative capacities (e.g., rulemaking, *see* § 63-105(2), and legislative recommendations, *see* § 63-105(10)).

Idaho Code section 63-105A establishes that the Tax Commission shall also serve as the State Board of Equalization. *See* I.C. § 63-105A. In this capacity, the Tax Commission holds supervisory authority over county boards of equalization regarding tax equalization, assessment oversight, legal interpretation and enforcement, and policy recommendations. *See id.* This additional authority ensures that property taxes are assessed fairly, errors are corrected, and uniform tax practices are maintained throughout Idaho. *See id.* The Tax Commission's authority extends beyond merely enforcing laws. *See id.* Its authority also encompasses: issuing binding interpretations of "property tax law whenever necessary or requested by any officer acting under such laws," *see* § 63-105A(14); ensuring that all property shall be assessed and taxed as required by law "to secure uniformity in the assessment and equalization of property taxes," *see* § 63-105A(6); and requiring all assessments of property to be made according to law, *see* § 63-105A(4). With that overview in mind, we turn to the merits of the parties' arguments.

2. *The Tax Commission's oversight of assessors is statutorily authorized.*

The Idaho Constitution recognizes county assessors as constitutional officers. Idaho Const. art. XVIII, § 6. The legislature, acting under Article XVIII, section 11, assigned county assessors the duty to assess all real property situated within their respective counties. I.C. § 63-207(1). Beyond this general duty, county assessors must also ensure that property valuations remain current and accurate.

> It shall be the duty of the county assessor of each county in the state to conduct and carry out a continuing program of valuation of all taxable properties under his jurisdiction pursuant to such rules as the state tax commission may prescribe, to the end that all parcels of property under the assessor's jurisdiction are assessed at current market value.

I.C. § 63-314(1). Moreover, "in ascertaining the market value for assessment purposes" a county assessor "shall, and is required to, abide by, adhere to and conform with rules promulgated by the state tax commission." I.C. § 63-208(2). The legislature also "authorized, empowered and directed" the Tax Commission "to promulgate rules for the implementation of [the valuation] program, and to provide any such county assessor with such supervision and technical assistance as may be necessary." I.C. § 63-314(2). This statutory mandate falls squarely within the Tax Commission's administrative framework to monitor and correct the assessment process, including its ability to issue orders under Idaho Code section 63-1404(3) to ensure compliance with tax laws.

Idaho Code section 63-1404 outlines the Tax Commission's enforcement mechanism, specifying that public officers and employees must "comply with any lawful order or rule of the state tax commission made pursuant to the provisions of [title 63]." I.C. § 63-1404(1). If a public officer or employee responsible for property tax assessments fails to "comply with any lawful order or rule," the Tax Commission will hold a hearing to establish the facts, then "may request an order directing" compliance with the law or rules. *See* I.C. § 63-1404(1), (3). The statute grants the Tax Commission authority to enforce compliance with the law when a public officer fails to adhere to the laws or rules governing duties related to the assessment or equalization of property taxes:

> Whenever it appears to the state tax commission that any public officer or employee whose duties relate to the assessment or equalization of assessments of property for taxation has failed to comply with any law relating to such duties, or the rules of the state tax commission made in pursuance thereof, the state tax commission, after a hearing on the facts, may request an order directing the public officer or employee to comply with such law or rule. An order of the state tax commission may require a county to conduct a revaluation of some or all of the property within the county

14

as the state tax commission may find necessary to promote uniformity of taxation within the county.

I.C. § 63-1404(3). This paragraph grants the Tax Commission enforcement authority, which falls under its executive role outlined in Idaho Code section 63-105 for carrying out statutory directives, particularly subsection (5), which states: "To ensure that statutory penalties are enforced, and proper complaint is made against persons derelict in duty under any law relating to assessment or equalization of taxes." I.C. § 63-105(5). The "statutory penalties" in Idaho Code section 63-105 refer to title 63, chapter 14, enforcement and penalties.

We previously stated, "the tax commission is constitutionally and statutorily empowered and authorized to equalize the assessments of property among the various counties of the State of Idaho." *Idaho State Tax Comm'n v. Staker*, 104 Idaho 734, 735, 663 P.2d 270, 271 (1982) (first citing Idaho Const. art. VII, § 12; then citing I.C. § 63-513 (current version at I.C. §§ 63-105 to 63-105A)); then citing *Ada County v. Bottolfsen*, 61 Idaho 363, 102 P.2d 287 (1940); and then citing *Nw. Light & Water Co. v. Alexander*, 29 Idaho 557, 160 P. 1106 (1916)). In *Staker*, the Court addressed a directive issued to county auditors. *Id.* In addition, it discussed the enforcement of assessment duties under Idaho Code section 63-202A (now I.C. § 63-1404). *Id.* at 736, 663 P.2d at 272. The Tax Commission, in its role as the Board of Equalization, reviewed property assessments performed by county assessors and determined that property in seven counties was under-assessed compared to the state average. *Id.* at 735, 663 P.2d at 271. The Tax Commission ordered the counties' auditors to adjust property assessments to equalize them statewide. *Id.* Six refused to comply, claiming the Commission lacked the authority to override county assessments. *Id.* at 735, 738, 663 P.2d at 271, 274.

On appeal, this Court concluded that the Tax Commission has "the constitutional authority to override the counties' valuation." *Id.* at 738, 663 P.2d at 274. This Court emphasized that the Tax Commission's action was "not only authorized, but mandated." *Id.* at 736, 663 P.2d at 272. We reasoned that the Tax Commission has constitutional and statutory authority to equalize property assessments statewide to maintain uniformity and fairness in property taxation across all counties. *Id.* We recognized that Article VII, section 12 of the Idaho Constitution mandates that the State Tax Commission oversee and equalize property assessments statewide. *Id.* The provision specifically grants the Tax Commission the authority to "perform such other duties as may be prescribed by law." *Id.* We then pointed to Idaho Code section 63-605 (now Idaho Code section 63-109), which authorizes the Tax Commission to also serve as the State Board of Equalization,

15

as the source of the Tax Commission's authority to equalize property assessments and ensure uniform property taxation. *See id.* at 736–37, 663 P.2d at 272–73. We also relied on Idaho Code section 63-513 (now Idaho Code sections 63-105 to 63-105A), which provides the Tax Commission with the procedural framework to review and correct disparities in county property valuations. *Id.*

Although not addressing precisely the same issue presented here, in *Staker*, this Court distinguished the assessment function of a county official from the equalization process by the Tax Commission at issue in the case. *Id.* at 736, 663 P.2d at 272. The Counties argue that this distinction supports their interpretation of Idaho Code section 63-1404(3) that enforcement authority does not encompass exemptions from property taxes. We disagree. As explained next, such an interpretation overlooks the nature of exemptions and their influence on property tax assessments and equalization of taxes.

3. *Exemptions are integral to our property taxation system including the property tax assessment and equalization process.*

An exemption is a statutory provision that removes a portion of a property's assessed value from taxation. *See* I.C. § 63-602(1). Exemptions are legislatively authorized under the Idaho Constitution, which permits the legislature to "allow such exemptions from taxation from time to time as shall seem necessary and just," provided that "[a]ll taxes shall be uniform[.]" Idaho Const. art. VII, § 5. On the other hand, an assessment is the process of determining a property's market value for tax purposes. Under Idaho Code section 63-205(1), "[m]arket value for assessment purposes shall be determined according to the requirements of this title or the rules promulgated by the state tax commission." I.C. § 63-205(1). The Tax Commission is required "to prepare and distribute to each county assessor and the county commissioners . . . rules prescribing and directing the manner in which market value for assessment purposes is to be determined for the purpose of taxation." I.C. § 63-208(1). Those rules "require each assessor to find market value for assessment purposes of all property, except that expressly exempt under chapter 6, title 63, Idaho Code, within his county according to recognized appraisal methods and techniques as set forth by the state tax commission[.]" *Id.*

In that regard, Rule 217 of the Idaho Property Tax Administrative Rules sets forth the methods for determining market value for assessment purposes, and provides in part:

> Market value is the most probable amount of United States dollars or equivalent for which a property would exchange hands between a knowledgeable and willing

seller, under no compulsion to sell, and an informed, capable buyer, under no compulsion to buy, with a reasonable time allowed to consummate the sale, substantiated by a reasonable down or full cash payment.

a. The assessor will value the full market value of the entire fee simple interest of property for taxation. Statutory exemptions will be subtracted.

IDAPA 35.01.03.217.01.a (2020). While assessments determine the market value for assessment purposes of taxable property, exemptions determine how much to subtract from that value. *See id.*; *see also* I.C. § 63-201(29) ("'Taxable value' means market value for assessment purposes, less applicable exemptions or other statutory provisions.").

Exemptions are an integral part of the assessment and equalization process. Contrary to the Counties' assertion that the distinction is reflected in the structure of the tax code, which separates exemptions, assessments, and equalization, the legislature acknowledged the correlation throughout the tax code. For example, after county assessors fulfill their assessment responsibility, commissioners of each county meet as a board of equalization as part of the equalization process. I.C. § 63-501. At the meetings, among other objectives, the board's purpose is to approve or deny exemptions that are "claimed under [title 63] affecting the assessment or taxation of property[.] I.C. § 63-501(2)(c). In addition, because the Tax Commission is responsible for the assessment of operating property, *see* I.C. § 63-401, it must provide "[n]otice of the decision and its effect on the assessment" to approve or deny exemptions that require an application, *see* I.C. § 63-602(3)(c). Inconsistent application of exemptions, which affects the taxable value of property, in turn, affects equalization, and if left uncorrected, may violate the constitutionally mandated policy of fair and uniform taxation under Article VII, section 5 of the Idaho Constitution. *See Chastain's, Inc. v. State Tax Comm'n*, 72 Idaho 344, 349, 241 P.2d 167, 169–70 (1952) (explaining that "uniformity of taxation implies equality of the burden of taxation which can be attained only by uniformity of assessed valuation as well as in the rate of taxation").

Turning back to the facts of this case, after House Bill 562 was passed and signed into law, the Tax Commission, consistent with Idaho Code section 63-105A(6), sent a memo to all county assessors providing guidance on the newly enacted property tax legislation. Specific to House Bill 562, the memo emphasized that "[t]here is **no proration** allowed by the statute, other than existing proration related to ownership criteria. In other words, an applicant applying for the exemption in December 2021 and qualifying should be granted the full exemption, up to the $100,000 limit." After more inquiries from county assessors, the Tax Commission, consistent with Idaho Code

section 63-105A(14), reviewed the law and initially informed county assessors that "ultimately this exemption is administered by each County with appropriate guidance from their Prosecutor." Shortly thereafter, however, a legislator asked the Attorney General for an opinion. The Attorney General thereafter issued Opinion No. 21-01 and concluded that following the 2020 amendments to section 63-602G, the exemption should apply retroactively to January 1 of the year the homestead exemption application was submitted. 2021 Idaho Att'y Gen. Ann. Rpt. 5, 8–10. The Tax Commission then provided the analysis to the County Assessors and explained that the "Attorney General's opinion supports the guidance previously provided by the Tax Commission" and recommended that they follow the guidance.

After Idaho Code section 63-602G (2020) became effective, the Counties disagreed with the Tax Commission's interpretation, and instead opted to prorate the exemption. The Counties' action was contrary to Idaho Code section 63-105A(14) directing that administrative construction of property tax law "shall be binding upon the inquiring officer and all others acting under such laws." I.C. § 63-105A(14). Consequently, the Tax Commission exercised its statutory enforcement duty "against persons derelict in duty under any law relating to assessment or equalization of taxes[,]" under Idaho Code section 63-105(5) and convened a hearing, pursuant to Idaho Code section 63-1404(3), to address the Counties' administration of the homestead exemption. After a hearing on the facts, the State Tax Commissioners unanimously voted in favor of a motion to issue an order directing the Counties to cease prorating the homestead exemption.

The Counties argue that the Attorney General Opinion lacks legal authority. It is not necessary for us to address this argument because the Tax Commission was authorized to issue its order. The Tax Commission's May 2022 Order required the county assessors to "cease prorating the homestead exemption and apply the interpretation of Idaho Code [section] 63-602G provided in Attorney General Opinion 21-01." Whether Attorney General opinions have the force of law is not the issue. The Tax Commission's May 2022 Order required the Counties to comply with the Commission's interpretation of a property tax law and guidance *as set forth in* the Attorney General Opinion. This action was well within the Tax Commission's power and duties.

In summary, the Tax Commission's May 2022 Order was a valid exercise of its statutory authority. The district court erred in concluding that the Commission lacked the authority to issue a binding order to county assessors regarding the application of the homestead exemption.

## IV. CONCLUSION

The district court's judgment in favor of the Counties is vacated. We reverse the district court's order that set aside the Tax Commission's order and remand the case to the district court for entry of an order affirming the Tax Commission's May 2022 Order.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and ZAHN CONCUR.